CAMPBELL (DOBSON v.). See Case No. 3,-945.

CAMPBELL (ELTING v.). See Case No. 4,-422.

## Case No. 2,357.
### CAMPBELL et al. v. EMERSON et al.
[2 McLean, 30.] [1]

Circuit Court, D. Michigan. Oct. Term, 1839.

JURISDICTION—SUBSEQUENT PROCEEDING IN STATE COURT.

1. A suit having been commenced in the circuit court of the United States is not abated by a subsequent suit, in the state court, by attachment, against the defendant, in the first suit, who is summoned as garnishee.

[Cited in The Celestine, Case No. 2,541.]

2. Jurisdiction having vested in the circuit court, it cannot be divested, by any subsequent proceeding, in a state court.

[Cited in Bates v. Days, 11 Fed. 532.]

[At law. Action by Campbell and Emerson against Emerson and Moore.]

Williams & Ten Eyck, for plaintiffs.
Mr. Romeyn, for defendants.

OPINION OF THE COURT. This action is brought on a promissory note for the payment of money. The defendants pleaded in abatement that, on the 7th October, instant, a certain suit, in attachment, in favor of certain persons by the names of Southgate, Blake, and Adams, against Emerson, one of the plaintiffs in this suit, and that the defendant, Emerson, and said Moore, were summoned as garnishees, &c. To this plea the plaintiffs demurred, and assigned for cause, that this action, and the suit in attachment, are different. That the causes of action are different, and that the suit, in attachment, was commenced long after the institution of this suit, &c. In support of the demurrer, the plaintiffs cite Jac. Law Dict. tit. "Abatement," 1, 4, where it is said, it is a good plea in abatement. that another action is pending for the same cause; but it must clearly appear that both actions are brought for the same thing. And, also, Gould, Pl. c. 5, pp. 283, 284, where another suit is pleaded in abatement of the one in which the plea is filed. it must appear that the action or suit, which is pleaded in abatement, was a prior suit pending between the same parties, and for the same cause. [Renner v. Marshall] 1 Wheat. [14 U. S.] 215. In support of the plea, Rev. St. Mich. p. 508, § 8, are referred to, where it is enacted, "that the garnishee, from the time of receiving notice of the attachment, shall stand liable to the plaintiff in attachment, in the amount of property, money and credits in hand, or due from him to the defendant." And it is contended. as the notes, on which the defendant is sued in this court, are credits of the plaintiffs in those suits, that they are bound in

[1] [Reported by Hon. John McLean, Circuit Justice.]

the hands of the garnishee. This being so, the attachment is a good plea in abatement; otherwise, if the defendant should pay the debt to the present plaintiffs, he might be compelled to pay it a second time to the plaintiff in attachment. That the proceedings are pending in different courts cannot impair the principle. That the attachment is a proceeding in rem, creating a lien upon the debt, and binding upon the defendants in their suits. It is insisted that these principles are settled in the case of Embree v. Hanna, 5 Johns. 103, and the cases there cited. Also, in the case of McDaniel v. Hughes, 3 East, 367. In answer to the objection, that the attachment was commenced subsequent to this suit, the case of Holmes v. Remson, 20 Johns. 229, is cited.

We have not before us the statute of New York, which regulates proceedings by attachment, but it is presumed to contain provisions which are not found in the Michigan statute. The institution of a suit by attachment, unless under some peculiar provision of the statute, could not supersede a suit previously commenced, and, consequently, cannot be pleaded in abatement. The attachment is used as a means to bring an absent or absconding debtor into court. If he enter his appearance, and give special bail, the attachment is discharged, and the suit proceeds as though the first process had been served on the defendant. In this case the jurisdiction had attached in this court before the proceeding, by attachment, was instituted in the state court. And the question is raised, whether this subsequent proceeding shall oust the jurisdiction previously vested. It would seem to be contrary to all principle, that a creditor, by issuing an attachment, should take from the custody of the court an instrument on which a suit had been previously commenced. It is the province of a court of chancery to enjoin the proceedings in a case at law; but chancery interferes only on the ground that there is not adequate relief at law. The attachment creates a lien on the property attached, and if the suit be prosecuted successfully, and under the statute, other creditors are permitted to exhibit their claims; it might be necessary for such creditors to do so, whether they claim under a judgment, or in any other way. But, in such case, there is no collision of jurisdiction. In certain cases the judgment creditor may come in under the attachment; but the proceedings, on the attachment, ought not to, and cannot, prevent the plaintiff, in the first suit, from prosecuting his claim to final judgment. He has selected the tribunal in which to prosecute his suit, and he has a right to the judgment of such tribunal. If the plea in this case was sustained, it would not be difficult, in many cases, to oust the jurisdiction of the courts of the United States, by issuing attachments in the state court. This would be taking from a non-

resident of the state a right to sue in this court, which is given to him by the constitution of the United States, and an express act of congress. And in this view, the case is different from the case of Holmes v. Remson, supra. Had the attachment been levied before the commencement of this suit, there can be no doubt it might have been pleaded in abatement. In all such cases the suit first commenced can not be abated by pleading a subsequent suit embracing the same subject matter.

This question was fully considered, and decided, at the last term of the supreme court, in the case of Wallace v. M'Connell, 13 Pet. [38 U. S.] 152. That case arose on facts similar to the case now under examination, and the principle was the same. And the court, in that case, decided that a subsequent suit, by attachment, where the debtor was summoned as garnishee, did not affect the jurisdiction of the circuit court of the United States. This is conclusive of the present case. When suit is commenced, the instrument, on which it is founded, is in the custody of the law, and cannot be withdrawn from such custody. And, especially, it cannot be withdrawn by the commencement of a suit, subsequently, at law. The demurrer to the plea is sustained. Judgment for the plaintiffs.