## Case No. 5,217.

GARDEN CITY MANUF'G CO. v. SMITH.

[1 Dill. 305.][1]

Circuit Court, D. Nebraska. 1871.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Mr. Wakely, for plaintiff.
Mr. Redick, for defendant.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. This cause was removed by the plaintiff to this court under the act of March 2, 1867 (14 Stat. 558); amendatory in terms of the act of July 27, 1866 (Id. 306). It was commenced in the state court by a writ of attachment issued pursuant to the statutes of the state and by rule adopted in this court. Prior to the transfer, the defendant had moved to have the attachment dissolved or property attached discharged; upon this motion both parties took all the testimony they deemed essential, and submitted the question to the decision of the state court. This question was one of fact, viz: whether the defendant was guilty of the fraudulent act or purpose charged against him as the ground for the attachment. The court denied the motion, and subsequently the cause was transferred to this court, where the same motion was renewed, or a new motion of a similar character made, which the defendant offers to submit, either upon the former affidavits, or upon new, or upon additional affidavits, as the plaintiff may elect, or the court may order.

The first question made by counsel is whether this court, after a cause is removed to it, has the power in any case to entertain such a motion. If so, the next question made is, whether, under the circumstances, it ought to exercise it in this case.

That the court has the power to entertain such a motion, does not, it seems to me, admit of reasonable doubt, it being conceded that such a motion may be rightfully made in the state court, under the state practice, which by adoption is also the practice of this court. By the express provision of the act of congress, the cause is to proceed in the same manner as if it had been originally

brought here; the attachment is to hold "in the same manner as by the laws of the state it would have been holden to answer final judgment. had it been rendered by the court in which the suit was commenced." And the power of the circuit court to "set aside or dissolve" an attachment, injunction, or other restraining process, is recognized, and the right of the opposite party to indemnity obligations filed in the state courts, expressly declared.

The intention of these provisions manifestly is to put this court, in administering such remedies, in the place of the state court and clothe it with its powers. Conceding that such a motion is authorized by the state law and practice, there can be but little doubt, under the abovementioned acts of congress and the rules of the court adopting the state statutes relating to attachments and to practice, that if no such motion had. ever been made in the state court, and could have been made there had the cause remained, it could equally be made here upon its removal. Hence the right to make, and the power to hear. such a motion may exist after the cause has been transferred.

Assuming the power to exist, ought it in this case to be exercised? This is a matter which rests in the sound discretion of the court, under the special circumstances of the particular case. A decision on a motion in a pending suit is not res judicata so as to conclude the parties and the court from again re-opening the matter, in a subsequent stage of the cause.

As the parties were fully heard upon the merits of the motion in the state court, certainly there ought to be some good reason why this court should listen favorably to an application for a new hearing. I should myself in such a case feel a strong disinclination to sit in review upon the decision of the state court, when it was proposed to submit the matter upon the same evidence and no other.

Considering the special circumstances of this case, among which is one that the plaintiff removed the action after it stood for trial in the state court, thus causing delay. and is now asking for a continuance; that he has a large amount of property attached. to the great inconvenience and probable damage of the defendant, who is ready for trial. the court will make this order on the pending motion, to-wit: If the plaintiff is ready for trial at this term, the defendant's motion to discharge the attached property will be denied; otherwise it will be entertained, and both parties will be at liberty to produce additional affidavits, and be heard de novo upon the merits of the motion.

Ordered accordingly.