## BATES and others *v.* DAYS.

(*Circuit Court, W. D. Missouri.* April Term, 1882.)

REMOVAL OF CAUSE—ATTACHMENTS BY NON-RESIDENTS.

 Non-residents cannot be deprived of their right to have controversies with citizens of other states determined in the federal courts, and the circuit court cannot relinquish its jurisdiction by transferring the case to the state court. So *held* in a suit where non-residents sued out attachments against a citizen of the state, which were followed by other attachments in the state court, and a motion was made to transfer the suit of the non-residents to the state court.

Motion to transfer the case from this to a state court.

*Dysart & Forster,* for the motion.

*W. D. Carlile* and *W. T. C. Williams,* opposed.

KREKEL, D. J. It appears that plaintiffs, being non-residents of the state of Missouri, sued out an attachment against the defendant, who is a resident of this state, and seized a stock of goods now in the hands of the United States marshal, who is proceeding to sell them under orders of this court.

Soon after the seizure of the goods by the foreign creditors certain Missouri creditors of the defendant in the attachment sued out, in the local state court, writs of attachment, and are aiming under them to reach such of the proceeds as may not be necessary to satisfy the claims of the foreign creditors. In order to accomplish this more successfully they come here and file their motion asking that the case of the non-resident creditors be transferred by this court to the Macon county circuit court, the state tribunal in which the resident creditors have instituted their proceedings. The motion is sought to be maintained under section 915 of the United States Statutes, which provides that in all common-law cases the plaintiff shall be entitled to similar remedies by attachment, or other process, against the property of the defendant, which are now provided under the laws of the state in which such court is held for the courts thereof, and providing further for the adoption, by circuit and district courts of the United States, of the attachment laws of the states, which adoption has taken place in Missouri.

It is claimed in support of the motion that by these provisions congress has not only adopted the attachment laws of the states, but has made them obligatory to the extent of controlling the forum in which a party under given conditions, such as are presented in this case, is bound, on demand to permit his case to be transferred to the

state court; in other words, to relegate to such court the determination of controversies between citizens of different states. It will be observed that the provisions of the United States Statutes regarding attachments, in adopting the laws of the states, speaks of plaintiff's remedies against the property of the defendant, and makes no allusion to anything pertaining to the jurisdiction of courts. The right to sue and have his case determined in the federal courts is secured to non-residents by constitutional provision, extending the judicial power of the courts of the United States to controversies between citizens of different states, and by acts of congress passed under the power thereby granted. It cannot be supposed that congress, by adopting the state attachment laws as a rule for the guidance of its courts in a particular class of cases, thereby intended to limit or abrogate the constitutional right of non-residents to resort to its courts for the determination of their controversies with citizens of other states; for if the cases, when in court, must be transferred to the local state courts on demand, the constitutional right is of no avail.

Two cases have been cited in support of the motion, and they have been carefully examined. The first is *Garden City Co.* v. *Smith*, 1 Dill. 305. The question there decided is whether a motion passed upon by the state court before removal, could be again entertained in the court to which the case had been removed, and the conclusion arrived at is that it rested within the sound discretion of the court under the special circumstances of the particular case. *Lehman* v. *Berdin*, 5 Dill. 340, the second case relied on, decides that federal courts will give effect to state attachment laws, and will be guided in their construction by the views of the supreme court of the state. The case further determines that by giving bond, thereby obtaining the release of property attached, defendant does not waive his right to put in issue the truth of the affidavit upon which the attachment issued; in other words, file plea in abatement. It is not seen how these cases apply to the matter in controversy. The head-note of the last case is calculated to mislead as to the points decided in the case.

Passing from the right of non-residents to sue and have their controversies with citizens of other states determined in the federal courts, let us inquire what is the law of the state of Missouri regarding attachments as affecting such in the federal courts. Section 447 of the Missouri Statutes of 1879 provides that when the same prop-

erty is attached in several actions, by different plaintiffs against the same defendant, the court may settle all controversies, including the good faith, force, and effect of the different attachments. If writs issue from different courts of co-ordinate jurisdiction, such controversies shall be determined by that court out of which the first writ of attachment was issued; in order whereto the cases originating in other courts shall be transferred to it, and shall thenceforth be there heard, tried, and determined in all their parts as if they had been instituted therein. If any such controversies arise between a plaintiff in an action instituted in a court of general jurisdiction, and a plaintiff in an action instituted in a court of limited jurisdiction, the matter shall be determined in the former court, to which the action commenced in the latter shall be transferred.

Regarding the provisions here quoted it may be remarked that there is nothing about them indicating that the vesting of any other than the ordinary and usual jurisdiction was intended by the legislature. Had such an important matter as the granting of jurisdiction of cases coming from the federal to the state courts been contemplated, we would be apt to find some appropriate provision in this or some other law of the state. Again, though the attachment laws of the states be fully adopted by congress, no vesting of jurisdiction in the state courts to try causes coming from the federal courts could be inferred from them, for congress is not the source of such powers, except to a very limited extent. But the want of power in the state courts to try causes coming from the federal courts, here suggested, is sought to be overcome by treating the federal courts as courts of limited jurisdiction, and applying the language of the Missouri attachment law, when speaking of courts of limited jurisdiction, to them. A careful examination of the Missouri statute referred to shows beyond a doubt that the legislature, in speaking of courts of limited jurisdiction, is speaking of its own courts only, and not of courts independent of it and with assigned jurisdiction. We may well assume that the framers of the Missouri law were acquainted with the allotment of judicial powers under our system. To give the words "limited jurisdiction," used in the Missouri statute, any application other than to their own courts, would bring about a conflict of jurisdiction such as is sought to be avoided rather than to be brought about by construction. It is argued that the construction put upon the Missouri attachment law by the supporters of the motion must be correct, otherwise home creditors, in a case like the one under consideration, would be remediless or at great disadvantage, for foreign cred-

itors might attach all the property of a resident debtor, and, though more than sufficient to satisfy the claim, yet home creditors could not reach the overplus. Without undertaking to suggest the remedy, it may be said that such is not the law, for the courts of the United States are open to home creditors when their rights are affected in dealing with property, and their citizenship does not deprive them of such rights, or deny them proper and seasonable remedies.

The conclusions arrived at are that non-resident citizens cannot be deprived of their right to have controversies with citizens of other states determined in the federal courts, and that this court cannot relinquish its jurisdiction by transferring the case to the state circuit court of Macon county.

The motion is, therefore, denied.

*Campbell* v. *Emerson*, 2 McLean, 30; *Greenwood* v. *Rector*, Hempst. C. C. 708.