# MISSOURI, K. & T. RY. CO. v. BRADSHAW.

No. 2679. Opinion Filed May 6, 1913.

(132 Pac. 327.)

1. **ABATEMENT AND REVIVAL—Another Action Pending.** Where an action by a creditor against his debtor is brought in a court of this state, and jurisdiction of the defendant is acquired, and subsequently an action is commenced in a court of a sister state, in which the plaintiff here is there made defendant, and the defendant here is there served with garnishment process, the subject-matter being the same, said latter action can neither be pleaded in bar nor in abatement of the former, In such cases the maxim, "Qui prior est tempore, potior est jure," controls.

2. **COURTS—Comity—Prior Jurisdiction.** Where actions are properly instituted and are pending in courts of different jurisdictions or sovereignties, the rule of comity is not allowed to influence the proceedings of the court whose jurisdiction first attaches.

(Syllabus by Sharp, C. )

*Error from Coal County Court;*
*R. H. Wells, Judge.*

Action by W. W. Bradshaw against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*G. T. Ralls,* for defendant in error.

Opinion by SHARP, C. This action was originally brought by defendant in error, plaintiff below, against the plaintiff in error, defendant below, in a justice of the peace court on February 19, 1910. Service of summons being had, and the defendant not appearing, judgment was rendered February 24, 1910, in favor of plaintiff and against defendant for $57.55. From this judgment defendant appealed to the county court of Coal county; its appeal bond being filed and approved March 3d thereafter,

and the transcript and bond filed in the county court on March 4th. On April 28th defendant company filed in the county court its answer, which contained: (1) A general denial; (2) a plea in bar, setting up pending garnishment proceedings, brought March 24, 1910, in a justice of the peace court in Jackson county, Mo., in which the plaintiff in the county court was defendant, and the railway company was garnishee. To said answer were attached copies of the notice of garnishment, statement of claim, affidavit in attachment, attachment bond, writ of attachment, and transcript, together with certificates of both the justice of the peace and clerk. From these records, offered in evidence, notwithstanding the allegations contained in defendant's answer, it does not appear that the garnishee had ever filed its answer therein, or that service by publication was ever obtained or attempted to be had upon the defendant in the garnishment proceedings. The order of attachment contains a summons clause, but from the officer's return it appears that he was unable, after diligent search, to find the defendant. This order was returned on the return day thereof. The following orders continuing the cause were made: "April 8th, '10, cont. to April 16th, '10, for answer of garnishee. April 16th, '10, cont. to April 30th, for answer of garnishee." The certificates of both the justice of the peace and the clerk were dated April 27, 1910. The case was tried in the county court, both parties announcing ready for trial July 6, 1910, and on the same day a verdict was returned in favor of plaintiff for $57.55. The only evidence offered at the trial on the part of the defendant was the authenticated copy of the proceedings pending in the Missouri court.

Was the pendency of the foreign garnishment proceedings a bar to plaintiff's right of recovery? Obviously, no. Neither could said proceedings have properly been pleaded in abatement of the action, on account of the fact that said action was brought subsequent to the institution of plaintiff's action. The proper rule in such cases is that one who has been sued by his creditor cannot plead in abatement of the suit the fact that after it was

commenced he was summoned in a foreign jurisdiction as garnishee in an action against the plaintiff, and that the maxim, *"Qui prior est tempore, potior est jure,"* controls in such cases. To hold otherwise would inevitably bring about confusion, if not conflict, in the jurisdiction of courts that would embarrass and prove a hinderance in the administration of justice.

The leading case upon the principle involved is that of *Wallace v. McConnell,* 13 Pet. 136, 10 L. Ed. 95, where an action was commenced in the District Court of the United States for Alabama, and by a subsequent trustee process in one of the state courts of Alabama the defendant was summoned as a garnishee of the plaintiff; whereupon the pending proceedings of trustee process were pleaded *puis darrein* continuance in the United States court, and a demurrer to this plea was sustained by the court. The plea showed that the proceedings on the attachment were instituted after the commencement of suit. It is said in the opinion:

"The jurisdiction of the District Court of the United States, and the right of the plaintiff to prosecute his suit in that court, having attached, that right could not be arrested or taken away by any proceedings in another court. This would produce a collision in the jurisdiction of courts, that would extremely embarrass the administration of justice. If the attachment had been conducted to a conclusion, and the money recovered of the defendant, before the commencement of the present suit, there can be no doubt that it might have been set up as a payment upon the note in question. And if the defendant would have been protected *pro tanto,* under a recovery had by virtue of the attachment, and could have pleaded such recovery, in bar, the same principle would support a plea, in abatement, of an attachment pending prior to the commencement of the present suit. The attachment of the debt, in such case, in the hands of the defendant, would fix it there, in favor of the attaching creditor, and the defendant could not afterwards pay it over to the plaintiff. The attaching creditor would, in such case, acquire a lien upon the debt, binding upon the defendant, and which the courts of all other governments, if they recognize such proceedings at all, would not fail to regard. If this doctrine be well founded, the priority of suit will determine the right. The

rule must be reciprocal; and where the suit in one court is commenced prior to the institution of proceedings under attachment in another court, such proceedings cannot arrest the suit; and the maxim, 'Qui prior est tempore, potior est jure,' must govern the case. This is the doctrine of this court in the case of *Renner & Bussard v. Marshall,* 1 Wheat. 216 [4 L. Ed. 74], and also in the case of *Beatson v. Farmers' Bank of Maryland,* 12 Pet. 102 [9 L. Ed. 1017], and is in conformity with the rule that prevails in other courts in this country, as well as in the English courts; it is essential to the protection of the rights of the garnishee, and will avoid all collisions in the proceedings of different courts, having the same subject-matter before them. [*Embree & Collins v. Hanna*] 5 Johns. [N. Y.] 101; [*Browne v. Joy*] 9 Johns. [N. Y.] 221, and the cases there cited. In the case now before the court, the suit was commenced prior to the institution of proceedings under the attachment. The plea was therefore bad, and the demurrer properly sustained."

See, also, *Campbell et al. v. Emerson et al.,* 2 McLean, 30, Fed. Cas. No. 2,357; *Greenwood et al. v. Rector,* Hempst. 708, Fed. Cas. No. 5,792.

In *Wood v. Lake,* 13 Wis. 94, after reviewing a number of cases, it was noted by the court that in said cases the actions were commenced and pending in courts of the same jurisdiction. The court said:

"Where they are instituted and pending in courts of different jurisdictions or sovereignties, no such practice prevails, and no rule of comity is allowed to influence the proceedings of the court whose jurisdiction first attaches."

The court then reviews the doctrine announced by the Supreme Court of the United States in *Wallace v. McConnell,* supra, and concludes:

"It may be said that the court was then speaking of the effect of such subsequent action as a bar. But I can see no good ground for distinguishing between their operation in that respect and when they are relied upon for the purpose of securing a stay of the proceedings in the first action. It would be irrational and absurd to say that the court which had first acquired jurisdiction should arrest its proceedings, because the court of another government, having concurrent jurisdiction over the same sub-

ject-matter and parties, had subsequently attempted to take jurisdiction of the case    *    *    *"

This answers correctly any contention which might be made that the only effect that should be given the defense set up, and in part sustained by the proffered testimony, notwithstanding the allegations of the answer, would be to abate or stay the proceedings in the county court until after the final decision of the Missouri court.    Pending garnishment proceedings subsequently brought in a foreign jurisdiction can neither be pleaded in bar nor in abatement of the action first brought by the creditor against his debtor.

In *Whipple v. Robbins,* 97 Mass. 107, 93 Am. Dec. 64, as here, both suits were in state courts, and it was held that a subsequent trustee process was no answer to a prior action brought in Massachusetts.    The court in the course of the opinion, after reviewing the decision of the Supreme Court in *Wallace v. McConnell, supra,* said:

"From these principles, it follows that, if the prior institution and pendency of the present action had been disclosed to the court in Connecticut, the trustee process ought to have been defeated.    We must presume that the tribunals of that state would have recognized the rule that their subsequent trustee process could not be pleaded *puis darrein* continuance, or otherwise made available, here, to arrest or take away the plaintiff's right to prosecute the present action; and consequently that they would not have subjected the trustee to a double liability against which he could in no way protect himself, if by their judgment charged as trustee.    In short, we are bound to believe that court adopted the rule of *Wallace v. McConnell,* 13 Pet. 136 [10 L. Ed. 95], that the subsequent trustee process is no answer to the prior action in another jurisdiction, and the necessary corollary from it that a prior action commenced in one state must be a bar to a subsequent process in another to charge the defendant as the trustee of the plaintiff in the prior action.    But the trustee did not make any disclosure of the pendency of this present suit. He withheld from the court in Connecticut this fact essential to a fair adjudication.    He allowed himself to be defaulted, and his payment under such circumstances must be regarded as vol-

untary; if not collusive; and therefore no protection against the present action. *Wilkinson. v. Hall*, 6 Gray [Mass.] 568."

The proceedings of the courts of this state may be availed of by the defendant company in its answer in the garnishment action in the Missouri court, and we doubt not that the courts of that state would give full faith and credit to said proceedings. At least, we may not anticipate that such would not be done; and only by a failure so to do could the rights of the plaintiff in error be prejudicially affected, its only defense being the pending garnishment proceedings.

Our conclusions render unnecessary a consideration of the remaining questions.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.