Donald Dean MEEKS, Plaintiff in Error,

v.

Betty Fern MEEKS, Defendant in Error.

No. 40142.

Supreme Court of Oklahoma.

July 9, 1963.

Rehearing Denied Sept. 10, 1963.

Dennis O. Bernier and Homer Cowan, Norman, and Frank D. McCown, Dumas, Tex., for plaintiff in error.

Hugh P. Mabe, Norman, for defendant in error.

BERRY, Justice.

This is an appeal from a divorce decree rendered by the District Court of Cleveland County, Oklahoma, February 23, 1962.

The parties will be referred to here as they appeared in the trial court.

On September 13, 1961, plaintiff filed her verified petition for divorce in the lower court. On the following day, defendant was personally served with summons and with order pendente lite awarding plaintiff temporary custody, child support for the two small children, and suit money. One day later, after fleeing to Texas, defendant filed his verified petition for divorce from plaintiff in the District Court of Moore County, Texas, and obtained a temporary order awarding him custody of the children. Subsequently and on September 19, 1961, defendant appeared in person in the trial court in Oklahoma in response to the court's show-cause order. At this hearing the court modified its order pendente lite by agreement of parties to award temporary custody of the children to the grandparents in Texas (both paternal and maternal); vacated its order for child support and ordered defendant to pay attorney fees and costs into court within 30 days.

Thereafter and on October 5, 1961, the trial court in Oklahoma, in response to plaintiff's motion and on defendant's testimony that he was unable to comply with his agreement of September 19, modified its

former order to give temporary custody of the children and child support to plaintiff. Four days later, on October 9, on motion of defendant, the District Court in Texas, modified its order and awarded custody of the children to defendant's parents and ordered that they not be removed from the State of Texas. Subsequently, on October 13, defendant filed his special appearance and motion to quash in the Oklahoma trial court.

Thereafter on November 15, the District Court in Texas granted a judgment in default to defendant on defendant's amended petition. On the 21st of November the Oklahoma court awarded plaintiff judgment in default. Thereafter and on December 26, defendant filed a motion to vacate this judgment which was at first overruled but later vacated when defendant filed his answer and submitted himself to the jurisdiction of the Oklahoma court.

Trial was had on February 23, 1962 in the Oklahoma court. After submission of evidence by both parties, the court entered its judgment as follows:

"By the Court: In this case, by reason of fraud in the procurement and other bad faith exhibited by this defendant in the procurement of his divorce in Texas and his concurrent conduct in this Court, and by reason of the other facts shown and established by the evidence, it is the finding of this Court that it has jurisdiction in this case and after having heard the evidence and the arguments of counsel, it is the judgment of the Court that a decree of divorce should be awarded the plaintiff on the ground of cruelty. It is the further order of the Court that the custody of the minor children be awarded the Plaintiff and the Order Pendente Lite, as modified, be made permanent, ordering the Defendant to pay $40.00 per month per child, child support. The Plaintiff is awarded the household effects of the parties and all the other personal property except the automobiles which are awarded the De-

fendant is ordered to pay all the debts of the parties accumulated during marriage, together with Plaintiff's attorney's fee of $500.00 and the costs of this action.

"In the consolidated hearing on the Citation for Indirect Contempt of Court, the Defendant having heretofore waived jury Trial, it is the finding of the Court that the Defendant is guilty of willful violation of the Order of the Court and he is adjudged to serve a term of six months in the County Jail unless he sooner purge himself of contempt by fully complying with the Order of the Court by delivering custody of the oldest child of the parties and by making up all back child support payments and he is hereby ordered committed. * * *"

From the trial court's order overruling motion for new trial, defendant appeals.

For specification of error, defendant alleges that the trial court erred in overruling the motion for judgment on the pleadings and for dismissal of the action for the reason that the parties had been previously divorced by the judgment of the District Court of Moore County, Texas, in Case No. 3778, as pleaded by defendant in his answer, and was res judicata as to this cause of action. In support of this proposition, defendant urges the general proposition of law that a foreign judgment or decree of a court of competent jurisdiction is presumed to be valid; that the burden of showing its invalidity is upon the person who attacks it; that under the full faith and credit clause of the U.S.Constitution, Art. IV, Sec. 1, courts must accord prima facie validity to a divorce decree of a sister state; that there is rebuttable presumption that the decree is valid, which includes a presumption that the foreign court had full and adequate jurisdiction to grant a divorce; that one of the parties had a domicile within the jurisdiction for divorce; and that there was proper process and service of process. Defendant concludes that under the evidence, he and plaintiff were

residents of Texas, temporarily residing in Oklahoma while attending school; that the Texas Court had jurisdiction by virtue of these facts, coupled with personal service of the action served on plaintiff (wife) in Texas and the matter was res judicata.

Plaintiff contends that there is no final judgment in Texas since she has taken an appeal to the Texas Court of Civil Appeals; that she was a bona fide resident of Oklahoma at the time she filed her petition in Oklahoma; that since the State of Oklahoma was the marital domicile of the parties, the trial court in Oklahoma had jurisdiction of the marriage and the fruits thereof and that defendant submitted himself to the jurisdiction of the Oklahoma court and participated actively in the trial.

To our minds, no lengthy discussion of these various averments is required or deemed necessary to dispose of the matter. The record is clear that plaintiff proved the allegations of her petition; that the trial court in Oklahoma had jurisdiction of the parties and the marriage and tha· it assumed jurisdiction prior in time.

We held in the case of Missouri, Kansas and Texas Ry. Co. v. Bradshaw, 37 Okl. 317, 132 P. 327, L.R.A.1917F, 1013, that "Where actions are properly instituted and are pending in courts of different jurisdictions or sovereignties, the rule of comity is not allowed to influence the proceedings of the court whose jurisdiction first attaches." This holding was followed and cited by the Supreme Court of Kansas in the case of Hepner v. Hepner, 115 Kan. 647, 223 P. 1095. There the Kansas Court said "It is a principle of universal application, essential to the orderly administration of justice, in order to avoid conflict between tribunals of coequal authority, that the court first acquiring jurisdiction shall be allowed to pursue it to the end, to the exclusion of others; and that it will not permit its jurisdiction to be impaired or subverted by a resort to some other tribunal."

In the recent case of Autry v. Autry, 350 S.W.2d 233, decided by the Court of Civil

Appeals of Texas, under facts analogous to the instant case, the court said:

"We hold, therefore, that the trial court did not err in sustaining defendant's plea in abatement and plea to the jurisdiction and in dismissing plaintiff's suit for divorce and custody of the children.

"While it is true that the Maryland court had not yet heard evidence or made any final adjudication of the custody of the five minor children at the time they were removed from the state and the jurisdiction of the court by their father, plaintiff herein, its jurisdiction to do so had attached. Upon principles of comity, the Texas court recognized the jurisdiction of the Maryland court to adjudicate the custody of the children. Comity is not a rule of law, but one of practice, convenience and expediency. It does not command, but it does persuade, and it has its value in securing uniformity of decision and in discouraging repeated litigation of the same question. It has its application and best use in cases such as the case now before us, where one authority simply gives way to another. It has no application where what is done by one court is with the concurrence of the other."

In following the Texas court's reasoning in this case, we cannot help but conclude that if the trial court in Texas had been properly advised of the actions of the trial court in Oklahoma it would not have taken jurisdiction of the parties in the instant case or allowed it to proceed to judgment there.

The public policy of this State is clearly against the proposition of "forum shopping" as evidenced by the Legislature's latest amendment to Title 12 O.S., § 1272, requiring the plaintiff in an action for divorce to be a resident in good faith of the county for 30 days prior to filing the petition.

Under the facts here, we hold that a court in this State in which the first action

is commenced cannot be ousted of, nor will it yield, jurisdiction by reason of the subsequent commencement of another action by one of the parties for the same cause of action in another state.

The judgment is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.