John G. WELLS, Plaintiff and Appellant,

v.

CITY COURT OF LOGAN CITY, COUNTY OF CACHE, State of Utah, Defendant and Respondent.

No. 13824.

Supreme Court of Utah.

May 1, 1975.

Irving H. Biele, Biele, Haslam & Hatch, Salt Lake City, Charles P. Olson, Olson, Hoggan & Sorenson, Logan, for plaintiff and appellant.

B. H. Harris, Cache County Atty., Logan, for defendant and respondent.

HENRIOD, Chief Justice:

Appeal from a denial of a petition to prohibit the Logan City Court from pursuing a prosecution on a drunk driving complaint because it had no jurisdiction under the facts and statutes of this state. Reversed, with instructions to grant the petition and issue the writ.

Wells was arrested nine miles from Logan, Cache County, Utah, but only one mile from Wellsville, Cache County, Utah. Both cities, or towns, have magistrates.[1] He was taken under obvious arrest to Logan, and ticketbooked in the Logan City Court, which ticket printedly and presumably ordered him to appear at a date certain to answer, to which ticket he did not consent or sign, although he may have had that opportunity.

His attorney appeared specially and filed a motion to dismiss a complaint based on these facts, on statutory grounds,[2] which was denied. The motion was based on a failure of the arresting officer to comply with a very simple statute which says in clear English that if a person is arrested for drunk driving by a peace officer, or anyone else, he "shall be immediately taken before a magistrate . . . who has jurisdiction of such offense and is nearest . . . to the place where said arrest is made." Wellsville had such a magistrate, or justice of the peace at the time of this arrest.[3]

There is no showing here that the Wellsville magistrate had gone fishing, and it should be mandated that peace officers, in light of existing statutes, should not be free to go fishing for magistrates—which easily could lead to inequity and/or injus-

1. Wellsville was one of such.

2. Title 41-6-166, Utah Code Annotated 1953.

3. Titles 77-10-4, 5, Utah Code Annotated 1953, 78-5-5, U.C.A.1953.

tice, although there is no such suggestion in this case.

It is important to note the complaint filed against Wells was laid under Title 41, Utah Code Annotated 1953,—the Motor Vehicle Code, *not* under Title 77, having to do *generally* with magistrate procedural and jurisdictional matters re misdemeanors as offenses,—of which there are hundreds and probably thousands that this writer intends not to count. But under Title 41, there are carved out, in 41–6–166, two specific misdemeanors, i. e.,—1) driving under the influence, and 2) leaving the scene of an accident, in which events defined with solemn specificity in as ceremonious, clear, convincing, language imaginable, requires that the person arrested for either of such clearly defined misdemeanors *"shall* be [4] immediately taken before a magistrate . . . nearest or more accessible" to "the place where said arrest is made . . . ." It is not the defendant's duty to prove but only to claim that this was not done, since it is the state's duty to prove beyond a reasonable doubt that it *followed* statutory interdictions,—not the defendant's duty to expend time, money or irritation to prove that the state, of all monsters, did not conceive, nurture, and feed its own offspring.

The state's attempt to talk about Title 77 is a diversionary tactic, and its refusal to talk about Title 41–6–166, is an evasive action that runs procedure and emotion into a questionable judicial cul du sac.

TUCKETT and MAUGHAN, JJ., concur.

ELLETT, Justice (dissenting):

I dissent. Logan City Court is presided over by a lawyer-judge and has jurisdiction throughout Cache County. The Wellsville justice of the peace is a non-lawyer. He likewise has county-wide jurisdiction of misdemeanors. There is nothing in the record to show where the justice of the peace was at the time of the arrest or whether he was "available" at that time.

The plaintiff alleged in his complaint that he was not taken before the nearest and most accessible magistrate when he was arrested. It would appear that he would be required to prove that allegation as a part of his case. By failing to do so, he was not entitled to prevail in his suit, and the lower court was correct in so ruling.

The City Court of Logan has jurisdiction of the offense of drunk driving, and the idea that Mr. Wells should have been taken elsewhere is no defense to this action. Mr. Wells was taken to Logan in order that a breathalyzer test could be made pursuant to Section 41–6–44.10, U.C.A.1953 (Replacement Volume 5A), since that is the only place in Cache County where the test could be conducted. He accompanied the officer here and after taking the test was released. He was not taken before a magistrate in Logan City or anywhere else.

The prosecution was initiated against Mr. Wells at a later date by the filing of a complaint and the service of a summons upon him pursuant to Section 77–12–21, U.C.A.1953.

The venue of criminal actions is set out in Section 76–1–202, U.C.A.1953 (1973 Pocket Supplement). That section sets forth a number of situations not material here and then in (g)(v) it provides:

> For any other offense, trial may be held in the county in which the defendant resides, or, if he has no fixed residence, in the county in which he is apprehended or to which he is extradicted.

It thus appears that Mr. Wells can be tried in any court in Cache County which has jurisdiction therein, and the misdemeanor charge in the Logan City Court is properly placed, and the trial thereof should not be interfered with by this court.

In addition to what is said above, this prosecution is proper in view of the fact

---

4. Not "may" be, or in the "discretion of someone," etc.

that a new section was added to our statute by Chapter 7, Section 3, Laws of Utah 1971,[1] which reads as follows:

Whenever a complaint may be commenced before a magistrate under section 77–57–2, or an arrested person is to be taken before a magistrate under section 77–13–17, the complaint may be commenced or the arrested person may be taken before the nearest city court judge in counties where city courts have been established.

The statute thus gives the officer the discretion and the right to take a prisoner to or file a complaint in the nearest *city court* having jurisdiction of the offense. The defendant herein was the only *city court* in the county. The other magistrates were mere town justices.

The ruling of the trial court in my opinion was correct and should be affirmed.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of EL-LETT, J.

1. Also known as Section 78–4–16.5, U.C.A.1953 as amended (1973 Pocket Supplement).