Michael J. HILLYARD, Plaintiff
and Respondent,

v.

LOGAN CITY COURT, Defendant
and Appellant.

No. 15298.

Supreme Court of Utah.

April 18, 1978.

Burton H. Harris, Cache County Atty., George W. Preston, Deputy Cache County Atty., Logan, for defendant and appellant.

Gordon J. Low, Logan, for plaintiff and respondent.

MAUGHAN, Justice:

The district court granted plaintiff's petition for an extraordinary writ under Rule 65B, U.R.C.P. It issued an order prohibiting Logan City Court from further proceeding against plaintiff in a criminal action. The action was begun by the state charging defendant with driving under the influence of alcohol in violation of Sec. 41–6–44. The state appeals. The order of the district court is affirmed. All statutory references are to U.C.A.1953.

Plaintiff was arrested on July 28, 1976, by an officer of the Cache County Sheriff's Office on U.S. Highway 91 within the limits of the town of Hyde Park, in Cache County.

Following his arrest, plaintiff was taken to the sheriff's office for the purpose of taking a breathalyzer test. Subsequently, the arresting officer telephoned the magistrate in Hyde Park, who was the nearest and most accessible magistrate, with reference to the place where the arrest was made. The magistrate fixed bail, and defendant was released from custody several hours after his arrest.

The next day, a complaint was filed by the county attorney in the city court of Logan. The matter was set for trial. Plaintiff then challenged the venue of the city court to try this action. A continuance was granted to permit plaintiff to petition for an extraordinary writ, which the district court granted.

On appeal, defendant contends the district court erred in its ruling that venue in this action was laid in Hyde Park by Sec. 41–6–166, U.C.A.1953, as amended 1975.

41–6–166, U.C.A.1953, as amended, 1975, provides:

> (1) Whenever any person is arrested for any violation of this act punishable as a misdemeanor, the arrested person, for the purpose of setting bond, shall in the following cases, be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of such offense and is *nearest* or *most accessible* with reference to the place where said arrest is made, in any of the following cases:
>
> .  .  .  .  .
>
> (b) When the person is arrested upon a charge of driving while under the influence of intoxicating liquor or narcotic drugs. [Emphasis supplied.]

Thus, under this statute, which is specifically concerned with certain offenses under the Motor Vehicle Code, the arrested person must be taken to the *nearest* and *most accessible* magistrate with reference to the place where the arrest was made.

After arriving at the nearest magistrate, the procedure of Sec. 77–13–17, U.C.A.1953, as amended 1971, is applicable. The relevant provisions state:

> When an arrest is made without a warrant by a peace officer  .  .  .  the person arrested must, without unnecessary delay, be taken to the magistrate in the precinct of the county or the city in which the offense occurred, *and a complaint, stating the charge against the person must be made before such magistrate.* In the event the magistrate of that precinct is not available, the arrested person shall be taken before the nearest available magistrate to the scene of the alleged offense.  .  .  .  *The magistrate before whom such charge is made, if the offense is triable by him, shall have full jurisdiction over the offense and the defendant to try and determine such offense.*  .  .  .  [Emphasis supplied.]

78–4–16.5, U.C.A.1953, as enacted 1971, provides:

> Whenever a complaint may be commenced before a magistrate under section 77–57–2, *or an arrested person is to be taken before a magistrate under section 77–13–17,* the complaint may be commenced or *the arrested person may be taken before the nearest city court judge in counties where city courts have been established.* [Emphasis supplied.]

Under Section 78–4–16.5, the peace officer at the time of an arrest without a warrant, has the option of taking the person arrested to the nearest city court or to the magistrate in the precinct of the county or city in which the offense occurred. However, the option is precluded under the later and more specific statute, Section 41–6–166,[1] which commands where the arrested person shall be taken when he has allegedly committed the specific offenses set forth. The rights accorded to one arrested without a warrant in Section 77–13–17, are not in any way circumscribed or excluded by Section 41–6–166; the two statutes can be construed together to conform with the expressed legislative intent.

1. *Wells v. City Court of Logan City,* Utah, 535 P.2d 683.

77–13–17 lays venue in a specific magistrate. Section 78–4–16.5 provides for an optional venue in a city court, but there is no provision for taking the arrested person before one magistrate and thereafter continuing the prosecution before another magistrate. 77–13–17 was designed to prevent judge shopping and to assure that the designated magistrate to whom the arrested person is taken, is the one before whom the complaint must be made, and the offense tried and determined.[2]

The procedure in the instant case violated the statutory provisions, in particular, Section 41–6–166, which commanded that plaintiff be taken before the magistrate in Hyde Park.

WILKINS and HALL, JJ., concur.

ELLETT, Chief Justice (dissenting):

The defendant appeals from the granting of a Writ of Prohibition by the district court restraining the Logan City Court from further proceedings. This civil action for an extraordinary writ was brought under Rule 65B, Utah Rules of Civil Procedure.

The plaintiff was arrested by an officer of the Cache County Sheriff's Office on U.S. Highway 91 about one mile south of Smithfield in Cache County, Utah, for the offense of driving while under the influence of intoxicating liquor. The arresting officer took plaintiff to the Cache County Sheriff's Office in Logan for the purpose of performing a breathalyzer test which showed defendant's blood alcohol content to be .17 percent.

After the test, the deputy sheriff contacted the city justice in Hyde Park, Utah, by telephone for the purpose of having bail set. The officer explained the circumstances of defendant's arrest to the justice who set bail at $250. Plaintiff posted bail with the officer and was released from custody several hours afterwards.

The next day, the Cache County Attorney's Office filed a complaint in the Logan City Court requiring the plaintiff to appear there for the purpose of arraignment. The matter was set for trial. The procedural issues were brought before the court and the case was continued for the purpose of allowing plaintiff to seek a writ of prohibition.

U.C.A.1953, 41–6–166, as amended in 1975, states:

(1) Whenever any person is arrested for any violation of this act punishable as a misdemeanor, the arrested person, *for the purpose of setting bond,* shall in the following cases, be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of such offense and is nearest or most accessible with reference to the place where said arrest is made, in any of the following cases . .

(b) When the person is arrested upon a charge of driving while under the influence of intoxicating liquor or narcotic drugs. [Emphasis added.]

The district court, apparently relying upon the case of *Wells v. Logan City Court,*[1] found that compliance with this section laid venue on the Hyde Park Court and that a complaint could not be filed in any other court. It should be noted that the statute above set out contains the emphasized language that was not in the statute when the case of *Wells* was decided.

The Logan City Court is presided over by a lawyer-judge and has jurisdiction throughout Cache County (U.C.A.1953, 78–4–16.5). The Hyde Park City Justice likewise has jurisdiction of misdemeanors that are committed in Cache County (U.C.A. 1953, 78–5–4). U.C.A.1953, 76–1–202, sets out the venue for criminal actions. Subsection (g)(v) thereof is applicable to the instant case:

For any other offense, [noted exceptions are not material here] trial may be held in the county in which the defendant

---

**2.** Subject to other statutory provisions not relevant here, which allow removal from a Justice of the Peace Court.

**1.** Utah, 535 P.2d 683 (1975).

resides, or if he has no fixed residence, in the county in which he is apprehended or to which he is extradited.

In this area of concurrent jurisdiction, the general rule is that the principle of priority controls. That is, the first court to exercise jurisdiction acquires exclusive jurisdiction to further proceed in the case.[2] In this way any conflict between courts of concurrent jurisdiction is avoided.

The issue, then, is whether the Hyde Park City Justice acquired exclusive jurisdiction by indicating over the phone the amount of bail to be required. Mr. Hillyard was never taken to that justice and no complaint was ever filed with that court.

U.C.A.1953, 41–6–167 provides that when a person is arrested and taken before a magistrate, the officer must prepare a "ticket" in triplicate whereby the arrested person is notified of the time and place for him to appear in court. The record does not tell us whether or not a ticket was ever given to Mr. Hillyard or where the bond was filed requiring him to appear for trial. Apparently he went voluntarily to Logan City where the test for sobriety was made since it does not appear that a ticket was ever given to him.

The first step necessary to give jurisdiction to a magistrate or to a justice of the peace is that of the reception of the officer's ticket or the filing of a sworn complaint describing the offense and the person charged with its commission. Until then jurisdiction lies dormant because a formal accusation is the essential requisite for determining jurisdiction.[3]

Our statute (U.C.A.1953, 77–13–17 and 77–57–2, as amended) provides:

. . . When an arrest is made without a warrant by a peace officer or private person, the person arrested must, without unnecessary delay, be taken to the magistrate in the precinct of the county or city in which the offense occurred, and a complaint, stating the charge against the person must be made before such magistrate. In the event the

magistrate of that precinct is not available, the arrested person shall be taken before the nearest available magistrate to the scene of the alleged offense. [77–13–17]

. . . Other than as provided by section 77–13–17, proceedings and actions before a justices' court for a misdemeanor offense must be commenced by complaint under oath, setting forth the offense charged, with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint. The complaint shall be commenced before a magistrate within the precinct of the county or city in which the offense is alleged to have been committed.

There is only one precinct in Cache County and the Logan City Court has jurisdiction throughout the entire county.

U.C.A.1953, 78–4–16.5, as amended, reads as follows:

Whenever a complaint may be commenced before a magistrate under section 77–57–2 or an arrested person is to be taken before a magistrate under section 77–13–17 the complaint *may* be commenced or the arrested person *may* be taken before the nearest city court judge in counties where city courts have been established.

The officer is given discretion to file a complaint in the nearest city court having jurisdiction of the offense as in the Logan City Court which was the only city court in the county.

Plaintiff cites *Wells, supra,* for the proposition that venue is laid at the initial appearance before the magistrate when 41–6–166 is complied with. In *Wells, supra,* however, the accused was not taken to the nearest available magistrate and thus the officers failed to comply with the requirements of section 41–6–166. Also, since the *Wells, supra,* decision the legislature has amended 41–6–166 by adding the phrase

**2.** *Hepner v. Hepner,* 115 Kan. 647, 223 P. 1095 (1924); *Meeks v. Meeks,* 384 P.2d 902 (Okl. 1963).

**3.** 21 Am.Jur.2d, Criminal Law, § 397.

**1274**

"for the purpose of setting bond," thus clarifying the need for this immediate visit to the magistrate.

Hyde Park Court never acquired any jurisdiction over Mr. Hillyard and the filing of the complaint in Logan City Court was the first and only case against him. Prosecution should proceed in that court.

Great care should be exercised in using supervisory jurisdiction and in issuing such orders as writs of prohibition. They should be used only in extreme cases to prevent great mischief, a deprivation of a fundamental right, or to achieve justice and not merely for the purpose of controlling the exercise of discretion by an inferior court.[4]

Nothing appears in the record to show that plaintiff would not get a fair trial in Logan City Court or that he would be deprived of any fundamental right. The writ of prohibition should be dismissed and the case remanded to the Logan City Court for further proceedings.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of ELLETT, C. J.

**4.** *Campbell v. Durand,* 39 Utah 118, 115 P. 986 (1911); *Bankers Trust Co. v. District Court of* *Weber County,* 62 Utah 432, 220 P. 708 (1923); *Atwood v. Cox,* 88 Utah 437, 55 P.2d 377.