**Ricky L. WOYTKO, Plaintiff and Appellant,**

v.

**Phillip H. BROWNING, Circuit Court, State of Utah, Roy Department, Defendant and Respondent.**

No. 17979.

Supreme Court of Utah.

Feb. 24, 1983.

Allen Sims, Salt Lake City, for plaintiff and appellant.

Roger Dutson, Roy, David L. Wilkinson, Bruce M. Hale, Salt Lake City, for defendant and respondent.

HALL, Chief Justice:

Appellant Ricky L. Woytko was arrested in the city of Roy, Weber County, and charged in the Roy Circuit Court with the offense of driving under the influence, in violation of U.C.A., 1953, § 41–6–44. He moved to dismiss on jurisdictional grounds, contending that he was not taken before the nearest, most accessible magistrate for the purpose of setting bail in accordance with the provisions of U.C.A., 1953, § 41–6–166. The motion was denied and Woytko thereupon sought an extraordinary writ in the district court prohibiting further prosecution of the charge in the circuit court. The writ was denied and Woytko appeals.

Woytko was arrested at 11:39 p.m. on Friday, May 22, 1981. He was taken to the

Roy Police Station, where a breathalyzer test was administered, and he was thereafter taken and booked into the Weber County Jail in Ogden. At 1:30 a.m., Woytko was released without bail by an officer of the court after signing a promise to appear in the Roy Circuit Court on May 26, 1981.

U.C.A., 1953, § 41–6–166 provides in pertinent part:

(1) Whenever any person is arrested for any violation of this act punishable as a misdemeanor, the arrested person, for the purpose of setting bond, shall in the following cases, be taken without unnecessary delay *before a magistrate* within the county in which the offense charged is alleged to have been committed and *who has jurisdiction* of such offense and is *nearest or most accessible* with reference to the place where said arrest is made, in any of the following cases: [Emphasis added.]

    \*    \*    \*    \*    \*    \*

(b) When the person is arrested upon a charge of driving or being in actual physical control of a vehicle while under the influence of alcohol or any drug or combination thereof as prescribed in section 41–6–44.

    \*    \*    \*    \*    \*    \*

In reliance upon the foregoing statute, Woytko contends that he should have been taken to a judge of the circuit court in Roy where he was arrested, rather than to the jail in Ogden, and that the failure to do so deprived the court of jurisdiction. We do not so read the statute.

■ Section 41–6–166 deals not with jurisdiction, but with venue. This is to be seen in that the statute, in recognition of the fact that more than one magistrate within the county may have jurisdiction, directs that the arrested person be taken to the "nearest or most accessible" magistrate "who has jurisdiction of such offense."

■ The purpose of the statute is twofold. First, it preserves the rights of a person arrested by insuring that he be afforded a prompt opportunity to effect his release from custody. Second, it prevents the arresting officer from being selective in determining before which magistrate the charge will be lodged and tried.[1]

■ In the instant case, Woytko was properly charged in the Roy Circuit Court since it was presided over by the "nearest" magistrate to the place where the arrest was made.[2] However, it does not necessarily follow that that magistrate was also the most "accessible" for the purpose of setting bail. The arrest occurred in the late evening hours on a Friday, at a time when it was not reasonable for the magistrate to be available to conduct court affairs. In apparent contemplation of such circumstances arising, and as permitted by U.C.A., 1953, § 77–20–2, the Roy Circuit Court judge authorized one of its officers to admit persons to bail and fix the amount thereof, pending an appearance before the court. That is what occurred in the instant case. Woytko was released "on his own recognizance" by a member of the court's pretrial release service at the Weber County Jail, which was within the jurisdictional boundaries of the circuit court where he was arrested. We find no error in that procedure.

■ Woytko's remaining contention on appeal is that the court is also without jurisdiction because the notice to appear was not prepared in compliance with U.C.A., 1953, § 41–6–167. Specifically, he contends that the notice to appear failed to set forth his name, address, operator's license and registration number of his vehicle, and that the time specified for his appearance was less than five days from the date of arrest.

Section 41–6–167 provides as follows:

(a) Upon any violation of this act punishable as a misdemeanor, whenever a person is immediately taken before a magistrate as hereinbefore provided, the police officer shall prepare in triplicate or more copies a written notice to appear in

1. *Hillyard v. Logan City, Utah*, 578 P.2d 1270 (1978).

2. Contrary to the facts of *Wells v. Logan City, Utah*, 535 P.2d 683 (1975), cited by Woytko.

court containing the name and address of such person, the number, if any, of his operator's or chauffeur's license, the registration number of his vehicle, the offense charged, and the time and place when and where such person shall appear in court.

(b) The time specified in said notice to appear must be at least five days after such arrest unless the person arrested shall demand an earlier hearing.

(c) The place specified in said notice to appear must be made before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of such offense.

(d) The arrested person, in order to secure release as provided in this section, must give his written promise satisfactory to the arresting officer so to appear in court by signing at least one copy of the written notice prepared by the arresting officer. The officer shall deliver a copy of such notice to the person promising to appear. Thereupon, said officer shall forthwith release the person arrested from custody.

(e) Any officer violating any of the provisions of this section shall be guilty of misconduct in office and shall be subject to removal from office.

The foregoing statute is clear on its face that it does not deal with jurisdiction. Rather, the only logical reading of the statute is that it has application only when a citation is issued in lieu of an arrest and *no appearance* is made before a magistrate.[3] This interpretation of the statute is bolstered by subsection (e) thereof, which provides as the remedy for noncompliance with the statute the possible removal of the officer from office.

Affirmed. No costs awarded.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

---

[3] Consistent with this interpretation, the defendant contends that the statute should read "whenever a person is *not* immediately taken before a magistrate," and that the word "not" was inadvertently omitted in the engrossed bill.