## ADAMS et al. v. DISTRICT COURT OF MUSKOGEE COUNTY et al.

No. 24854. Dec. 5, 1933.

W. A. Barnett and R. M. Cavanaugh, for petitioners.

George W. Leopold and J. F. Brett, for respondents.

ANDREWS, J. This is an original proceeding in this court wherein the petitioners, Lucille Adams, Sillar Adams, and Creasie Pool, seek a writ of prohibition to be directed against the district court of Muskogee county and against W. J. Crump and Enloe V. Vernor, judges thereof, and Harbour Furniture Company, and each of them, prohibiting them from proceeding in cause numbered 12275 in the district court of Muskogee county, Okla., involving the subject-matter of litigation pending in the district court of Okmulgee county in cause numbered 18627, wherein the petitioners are plaintiffs and the Harbour Furniture Company and others are defendants.

It is contended that:

"The judgment in the district court of Muskogee county, Okla., is now lifeless, and no action of any kind can be maintained upon it, and no court has jurisdiction to reanimate it and give force and effect to it."

That question cannot be presented in this form of action.

The second ground upon which the writ is sought is that:

"The district court of Okmulgee county, Okla., having acquired jurisdiction of the subject-matter, this jurisdiction cannot be interfered with by later attempted garnishment of the same subject-matter issued by the district court of Muskogee county, Okla."

As shown by the record, the petitioners herein filed their suit in the district court of Okmulgee county against the Sinclair-Prairie Oil Company and others on March 17, 1933, to recover royalties and rentals due to the heirs of Jane Bruner, deceased, and that the Sinclair-Prairie Oil Company filed its answer therein on April 11, 1933, admitting liability as to the funds involved and tendering them into the district court of Okmulgee county. The record shows that Harbour Furniture Company was by that court made a party defendant to that action on April 29, 1933, and that it was served with summons on May 5, 1933. The garnishment was not issued out of the district court of Muskogee county until May 27, 1933. At that time the district court of Okmulgee county had jurisdiction of the person of the Harbour Furniture Company and the subject-matter of the action.

In Missouri, K. & T. Ry. Co. v. Bradshaw, 37 Okla. 317, 132 P. 327, this court held:

"Where actions are properly instituted and are pending in courts of different jurisdictions or sovereignties, the rule of comity is not allowed to influence the proceedings of the court whose jurisdiction first attaches."

In State ex rel. McMurray v. District Court of Hughes County, 108 Okla. 32, 235 P. 234, this court held:

"Where an action has been filed in a dis-

trict court of this state for the purpose of having adjudged ownership in certain property or a lien thereon, and process is served on the defendants, the property, the title or lien on which is thus sought to be adjudged, cannot be taken from the jurisdiction of such court by another court of co-ordinate jurisdiction seeking to seize same by a writ of garnishment in favor of a judgment creditor in said latter court. The first court thus acquiring jurisdiction, on final decree, would have the right to the control of the property, to direct its delivery, either to court or to the party adjudged entitled thereto, and another court on a judgment rendered subsequent to the filing of the first suit cannot deprive the first court of the power to make its final judgment effective by taking from its jurisdiction and possibly its necessary control of the subject-matter in litigation."

The district court of Okmulgee county, having first assumed jurisdiction of the parties and the subject-matter in controversy, would be entitled to retain that jurisdiction until all of the rights of the parties are adjusted, even though another proceeding be properly instituted and pending in a different jurisdiction involving the same subject-matter. When the two inferior courts of co-ordinate jurisdiction are asserting or attempting to assert a conflicting control and jurisdiction of the same subject-matter, a writ of prohibition will in such case be issued, but no such condition is shown here. It is true that garnishment proceedings were issued by the court clerk out of the district court of Muskogee county and directed to the Sinclair-Prairie Oil Company demanding an answer concerning certain moneys in its hands, which is the subject-matter of the litigation in the suit in Okmulgee county. It is also true that the Sinclair-Prairie Oil Company filed its answer in the district court of Muskogee county and that the judgment creditor, Harbour Furniture Company, who caused the garnishment to issue, has filed a motion asking the district court to require the Sinclair-Prairie Oil Company to pay the sum of $4,979.98 to the court clerk of Muskogee county for the benefit of the judgment creditor. Neither the issuing of the garnishment writ nor the filing of the motion was the exercise of or an attempt to exercise any jurisdiction of the district court of Muskogee county over the subject-matter. Neither has it been shown that the matter of the lack of jurisdiction has been called to the attention of the district court of Muskogee county. In State ex rel. Mays v. Breckenridge, Superior Judge, 43 Okla. 711, 142 P. 407, this court held:

"It is a rule generally observed by the courts that an application for writ of prohibition, restraining an inferior court from proceeding in a cause, will not be entertained, unless a plea to the jurisdiction has been filed and overruled in the lower court, or, at any rate, until lack of jurisdiction of the cause is called to the attention of the lower court in some manner."

That rule has been followed recently by this court in Jackson, Gdn., v. Haney, 166 Okla. 13, 25 P. (2d) 771, and Schofield v. Melton, Dist. Judge, 166 Okla. 64, 25 P. (2d) 279.

We cannot presume that the matter of the conflicting jurisdiction of the two courts will not be properly submitted to the district court of Muskogee county and properly decided. Neither can we presume that any jurisdiction will be assumed by the district court of Muskogee county over the garnishment proceeding issued out of and returned to that court after its attention is properly called to the facts, or that any action of that court on such proceedings will be adverse to the interest of the petitioners or create an intolerable conflict of jurisdiction of the two courts.

For want of a proper showing, the writ is denied.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. BAYLESS and BUSBY, JJ., absent.