STATE ex rel. MOORE v. CURRY, Judge.

No. 35913. May 26, 1953.

*257 P. 2d 799.*

Charles Besly, Pawnee, for plaintiff.

P. D. Erwin, Chandler, for defendant.

WILLIAMS, J. This is an original proceeding in this court for a writ of prohibition. The pertinent facts giving rise to this action are as follows:

Mike Moore filed a suit in the district court of Pawnee county against several defendants, including E. L. Irwin, alleging, among other things, that they were members of a copartnership. Irwin was originally designated in the petition by the name of "Irvin Cotton"; later, with permission of the court, the name "Irvin Cotton" was changed to read "E. L. Irvin", The statement by plaintiff that Irwin was commonly known as "Cotton Irwin" is not denied by respondent. A summons was issued to be served on "Irvin Cotton"; the return of service shows that it was served on "E. L. Irvin". Plaintiff Moore later recovered judgment in this suit.

Eight months later, Irvin, whose true name is E. L. Irwin, filed suit in the district court of Lincoln county against Mike Moore and the sheriff of Lincoln county, asking that the sheriff be restrained and enjoined from making a levy upon an execution issued out of the district court of Pawnee county pursuant to the judgment recovered in the above mentioned suit. No service was had on Moore, but the sheriff was served with summons, and the district court of Lincoln county granted the restraining order, and later, a permanent injunction.

Six weeks later, Mike Moore, appearing specially, filed in the Lincoln county case a motion to vacate judgment, which motion was overruled. Moore (hereinafter referred to as petitioner) now seeks a writ of prohibition commanding the district court of Lincoln

county and the judge thereof (hereinafter referred to as respondent) to refrain from further proceedings in the Lincoln county case mentioned above; and to refrain from exercising jurisdiction over the sheriff of Lincoln county in the exercise of, his legal duty in levying upon property of Irwin under the execution from the district court of Pawnee county; and that he be ordered to vacate, set aside, and hold for naught all purported orders, judgments and decrees rendered in the Lincoln county case mentioned. As grounds for the issuance of such writ, petitioner Moore recites the facts as above set out and argues that a district court of one district in Oklahoma has no superior authority nor superintending control over a district court of another district.

Since we deem this proposition to be controlling in the instant case, we will not consider the other contentions advanced herein by petitioner.

In Harris v. Hudson, 122 Okla. 171, 250 P. 532, which was a proceeding for a writ of prohibition, this court said:

"A district court of one judicial district of this state has no superior authority nor superintending control over a district court of another judicial district, nor any authority to enjoin or interfere with a judge of another judicial district in the enforcement of his own judgments."

"Where a district court of one judicial district assumes to exercise a superintending control over the judge of another district by issuing a restraining order, purporting to restrain the judge of such other district from enforcing a judgment of his own court, a writ of prohibition will issue to the judge thus exceeding his jurisdiction and powers."

In the instant case, though the restraining order and injunction were issued against the sheriff of Lincoln county, they had the effect of preventing the judge of the district court of Pawnee county from enforcing the judgment of his own court.

It is apparent from the brief that the gist of respondent's argument is to the effect that the judgment in the Pawnee county suit was void on its face as to E. L. Irwin for the reason that E. L. Irwin was not properly served with summons, and that the above rule of law does not apply.

With this we cannot agree. In Stocker v. Dobyns-Lantz Hardware Co., 101 Okla. 134, 224 P. 303, this court considered a situation wherein the wrong initials were used in the name of a defendant served with summons. The court said in the body of the opinion:

"An individual who has been served with a summons in which he is designated by the wrong name is entitled to plead a misnomer, but the service of summons designating the defendant by the wrong name, *where it is personally served upon the right defendant,* is sufficient to give the court jurisdiction of the defendant, and such defect becomes immaterial, unless the defendant appears and pleads the misnomer." (Emphasis supplied.)

See, also, 42 Am. Jur. Process, §18, which reads in part:

"As a general rule, an objection that the defendant was sued by the wrong name is matter of abatement only, and will not avoid a judgment against him if he has been actually served. It is true there are some cases which hold that one sued and served by a wrong name may disregard the summons, but the better view is that one summoned by a wrong name, *being thus informed that he is sued,* although not correctly described by his true name, who does not avail himself of his opportunity to object, whereby the true name would be inserted in the proceedings, is precluded from afterward doing so. * * *

"***The test in such cases appears to be whether the defendant could have been misled by the error in his name." (Emphasis supplied.)

In the instant case, it is not denied that the summons was actually served upon the right party. Though the last name was misspelled, and the names were reversed, we believe, pursuant to the principles of law above set out, that said summons was sufficient to ap-

prise E. L. Irwin of the fact that he had been sued, and to give the district court of Pawnee county jurisdiction over him. Since the sheriff who served the summons had no difficulty in determining the identity of the person actually intended, we do not believe that the person himself could have been misled.

Respondent presents five arguments against the issuance of the writ prayed for.

The first one is based upon the following rule of law, which respondent quoted:

"It is a rule generally observed by the courts that an application for writ of prohibition, restraining an inferior court from proceeding in a cause, will not be entertained until lack of jurisdiction of the cause is called to the attention of the lower court in some manner." Adams v. District Court of Muskogee County, 166 Okla. 263, 27 P. 2d 611.

The record before us shows that petitioner Moore, in his motion to vacate judgment, filed in the Lincoln county action, specifically mentioned the Pawnee county judgment; it also shows that the original petition in the Lincoln county action substantially set out the facts concerning the Pawnee county judgment. The above rule is therefore not applicable, since its requirements have been complied with.

Respondent's second argument is that petitioner Moore had "An adequate remedy by appeal". Granting for purposes of argument only that Moore could have appealed (he was not served with summons in the Lincoln county action, and no judgment was rendered against him), this contention is not applicable here. By the positive terms of the rule expressed in the Harris case, above quoted, petitioner Moore is entitled to a writ of prohibition under the facts herein existing for the very reason that E. L. Irwin himself did not pursue his "adequate remedy by appeal" in the Pawnee county action, but chose to ignore the summons, allow the Pawnee

county case to go to judgment, and then file a separate action in Lincoln county. If respondent's argument herein were sustained, an absurdity would result in that, so long as either party could keep getting injunctions from different courts, neither party would be entitled to a writ of prohibition, and endless confusion would result. See Harris Foundation v. District Court of Pottawatomie County, 196 Okla. 222, 163 P. 2d 976, wherein this court said:

"Prohibition is the proper remedy where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force, and the writ will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally adequate and convenient."

It appears from the record before us that the Pawnee county judgment has become final. Under respondent's reasoning that petitioner has an "adequate remedy by appeal", Moore would be forced to prosecute an ordinary appeal to the Supreme Court in order to enforce the valid and regular judgment which he won in the lower court, in which he now has a vested property right, and which he is entitled to have enforced now. Under such circumstances, it can hardly be said that an appeal is "equally adequate and convenient."

Respondent presented three other propositions in his brief, but since they are all based on the assumption that the judgment from the district court of Pawnee county was void, which assumption we have shown to be false, we will not consider them.

We hold that, in the absence of the pleading of a misnomer in the Pawnee county case, the service of summons upon E. L. Irwin was valid; that the judgment therein rendered was a valid judgment; and that the district court of Lincoln county exceeded its jurisdiction in issuing a restraining order and injunction which amounted to an assertion of "superior authority" or "superintending control" over a district court of another judicial district."

Writ granted.

JOHNSON, V.C.J., and WELCH, CORN, DAVISON, O'NEAL, and BLACKBIRD, JJ., concur.