Glenn O. YOUNG, Appellant,

v.

SEAWAY PIPELINE, INC., Appellee.

No. 49375. Consolidated with No. 48890.

Supreme Court of Oklahoma.

Dec. 20, 1977.

Rehearing Denied April 5, 1978.

See also, Okl., 576 P.2d 1148.

Glenn O. Young, pro se, Dan A. Erwin, Chandler, for appellant.

Galen E. Ward, Stephen R. Johnson and Shelley J. Himel, Oklahoma City, for appellee.

IRWIN, Justice.

These appeals were previously consolidated by order of this Court. Both appeals arise out of condemnation proceedings initiated in the District Court of Lincoln County, Oklahoma, for the acquisition of a pipeline right-of-way by Seaway pipeline, Inc. (appellee) across land owned by Glenn O. Young (appellant). While the parties are in disagreement as to some aspects of almost all the occurrences taking place, and most assuredly disagree as to the import of those events, the following is a fair recitation of facts.

Notice of the condemnation proceedings was served on appellant, but was subsequently quashed on appellant's objection. Alias summons was issued and delivered to the Sheriff of Creek County for personal service on appellant at his place of business in that county. A deputy notified appellant of her commission and proceeded to his offices for the purpose of serving the notice. Notice was hand delivered to appellant, who refused to accept the document on the grounds that he was not the named defendant. The name of the defendant recited in the caption of the notice was "Glen O. Young" and appellant's true name is "Glenn O. Young".

On the date specified for the appointment of commissioners, appellant appeared specially and objected to the jursidiction on the grounds that he was not served with notice. Also that said notice was defective because it was served out of time and without a copy of the petition. Appellant's objections were overruled and commissioners were appointed.

The commissioners viewed the land and filed their report of appraisement. Appellant entered written exceptions to the commissioners' report and also filed his election for a jury trial. Appellee, believing the commissioners' report may have been defective and the defect incurable due to the death of one of the commissioners, filed an application requesting the trial court to vacate the prior commission and its report and to appoint, instruct and swear new commissioners.

The trial court held a hearing on appellee's application and vacated the appointment of commissioners and their report, appointed new commissioners, set a time for them to appear and be sworn and struck from the Court's docket the hearing date previously set for presentation of appellant's exceptions to the commissioners report. Appellant appealed from that order in case No. 48,890.

Subsequently, the newly appointed commissioners appraised appellant's property and filed their report. Appellant filed exceptions to this report. Appellee paid into court the amount of the commissioners' appraisal. Subsequently appellee made application for a temporary restraining order, and a temporary and permanent injunction, to prevent appellant from interfering with appellee's construction work. The application of appellee for injunctive relief was predicated upon allegations that appellant had prevented appellee's entrance upon the land subject to condemnation proceedings.

At hearing on the issue of the temporary restraining order, appellant appeared specially for the purpose of objecting to the jurisdiction of the court for the reason notice of the application for injunctive relief had not been served on him personally. Consideration of appellant's exceptions was continued but the trial court granted appellee's application for a temporary restraining order, conditioned upon a filing of a $50,-000.00 bond. Bond was posted and the restraining order issued. Appellant refused service of the restraining order. The previously docketed hearing on appellant's exceptions and appellee's application for a temporary injunction were continued with the temporary restraining order expressly made of continuing effect during the interim.

Prior to the new hearing date on appellant's exceptions, appellant was cited for contempt because of an alleged violation of the restraining order. After a full evidentiary hearing on appellant's exceptions, the exceptions were overruled. Appellant filed a motion for a new trial. By journal entry dated January 23, 1976, trial court overruled appellant's motion for a new trial. The same order also overruled previously filed but unresolved motions on behalf of appellant to dissolve the temporary restraining order and for summary judgment in appellant's favor. On the same date appellee was granted a temporary injunction conditioned upon filing of an additional $50,000.00 bond. From the trial court's orders of January 23rd, appellant appealed in case No. 49,375.

■ Before commencing our discussion of the applicable law in these appeals we should first deal with appellee's contention that the appeal in Case No. 48,890 is not properly maintainable since it is an appeal from a purely interlocutory order. The trial court's order vacating the first appointment of commissioners and their report is interlocutory. *Wrightsman v. Southwestern Natural Gas Co.,* 173 Okl. 75, 46 P.2d 925 (1935); *City of Eufaula v. Ahrens,* 58 Okl. 180, 159 P. 327 (1916). Furthermore, by vacating the first report and the appointment of the first group of commissioners, the trial court rendered moot all of appellant's exceptions predicated upon some defect in the manner the commissioners were chosen, instructed, sworn and pursued their duty. In condemnation proceedings irregularities connected with the appointment of appraisers must be prejudicial to the right of the party asserting it, to constitute error. *Arkansas Louisiana Gas Co. v. Maggi,* Okl., 409 P.2d 369 (1965). As to appellant's technical exceptions, he can hardly complain where the trial court vacated the report for precisely some of the reasons appellant asserted the report was defective.

■ Appellant's exceptions to the first report of the commissioners also contained allegations going to appellee's authority to exercise the power of eminent domain. These exceptions, together with his continued assertion of the jurisdictional issue, were not in the slightest adversely affected by the trial court's order. All of them could be and were asserted as exceptions to the second report filed by the new commissioners. Appellant's exceptions relating to

appellee's authority to condemn were in truth factual defenses. The statutory condemnation procedure provides no place for the assertion of factual defenses until after filing of the report of the commissioners. *Board of County Commissioners of Creek County v. Casteel,* Okl., 522 P.2d 608 (1976). Appellant's jurisdictional issue and his factual defenses will therefore be considered in the context of case No. 49,375.

 Appellant has consistently contended that personal jurisdiction was never obtained over him because the alias summons with which he was served recited the defendant as "Glen O. Young" rather than his true name of "Glenn O. Young". As a general rule mere irregularities in the form of process does not render it void where such defective process "is sufficient to advise the defendant of the nature of the case, the court in which it is filed, and his interest therein". *Texas Title Guaranty Co. v. Mardis,* 186 Okl. 433, 98 P.2d 593 (1940). More directly to the alleged irregularity in the summons before the Court is the case of *State ex rel. Moore v. Curry,* 208 Okl. 511, 257 P.2d 799 (1953), wherein the Court said:

> "In the instant case, it is not denied that the summons was actually served upon the right party. Though the last name was misspelled, and the names were reversed, we believe, pursuant to the principals of law above set out, that said summons was sufficient to apprise E. L. Irwin of the fact that he had been sued, and to give the district court of Pawnee County jurisdiction over him. Since the Sheriff who served the summons had no difficulty in determining the identity of the person actually intended, we do not believe that the person himself could have been misled."

In the case at bar, the deputy sheriff charged with responsibility of serving appellant called him before hand to inform him of her duty. She proceeded to appellant's law office and there handed him the summons which appellant examined and returned to the officer stating he was not the person named therein. The facts amply illustrate that appellant was in fact the individual to whom the service was directed, that he received the process and that the process was otherwise sufficient to support the exercise of jurisdiction over appellant. The trial court properly overruled appellant's motion to quash and various jurisdictional challenges predicated upon defective form and service of initial process. The trial court's orders appealed from in case No. 48,890 are affirmed.

As previously alluded to, appellant challenged appellee's authority to exercise the power of eminent domain. These challenges, while not necessarily limited to, are primarily predicated on two assertions of fact. First, appellant contended appellee was not properly constituted with authority to act as a pipeline company. Second, the attorney who filed appellee's condemnation proceeding was not properly constituted as an agent of appellee so as to be able to verify the initial petition for condemnation.

 Attached to appellee's original petition for condemnation was a certified copy of the Certificate of Necessity issued to appellee by the Oklahoma State Corporation Commission. The Commission certificate issued after proceedings before Commission wherein appellee introduced a Certificate of Necessity issued by the Interstate Commerce Commission empowering appellee to exercise eminent domain as an interstate carrier of oil. Assuming purely for the sake of argument that appellant has standing to collaterally question either of these certificates, he totally failed to demonstrate any factual defect in either certificate by evidence before the trial court. The evidence shows that attorneys for Phillips Petroleum Corp. were assigned to do legal work for appellee under a contract between Phillips and appellee for Phillips to provide support personnel. The contract clearly demonstrates that counsel for Phillips was empowered to act as an agent for appellee. Appellant also asserts counsel for appellee could not possibly verify the condemnation petition on the basis of his knowledge and belief due to the fact that he knew nothing about Seaway or any of its officers. The record will not justify a find-

ing that the information available to counsel was inadequate to support his verification of the petition. As to appellant's other contentions with respect to Seaway, its corporate make up and motivation for pursuing condemnation, we find a striking absence in the record of any evidence to support the allegation found in the exceptions, giving appellant the benefit of the doubt as to the questionable relevance of those allegations in the first instance. We conclude that the trial court was justified in overruling appellant's exceptions to the report of the second group of commissioners.

 After the second report of commissioners had been filed, and appellant's exceptions were pending for consideration by the trial court, appellee paid into the office of the court clerk the full amount of the commissioners' appraisal and proceeded to enter upon appellant's land for the purpose of constructing the pipeline. 66 O.S.1973 Supp. § 53. Soon after entering, appellee's workmen were forcibly evicted from appellant's land by appellant, who arrived armed and in most forceful terms threatened appellee's counsel and work crew. As a result of this event, appellee sought a temporary restraining order and temporary and permanent injunctions. Under the circumstances presented we cannot say that the trial court's decision to grant the temporary restraining order during the interim while the application for injunctive relief was being considered was anything but amply justified.

 Appellant challenges the trial court's order granting the temporary restraining order on ground he was not personally served with notice of the hearing at which the restraining order would be considered. The fact of the matter is that appellant was representing himself pro se and had retained counsel. Once the trial court had secured jurisdiction over appellant's person and appellant's counsel had entered an appearance, notice to appellant's counsel of a pending hearing was adequate notice to appellant. Simply because appellant is an attorney, he is not automatically entitled to personal notice of every hearing. Retained counsel is appellant's agent for such notice and service upon counsel was sufficient to inform appellant of the hearing and its subject matter.

Judgment of the trial court in cases Nos. 48,890 and 49,375 affirmed.

HODGES, C. J., DAVISON, WILLIAMS, BERRY, BARNES, SIMMS and DOOLIN, JJ., and ROMANG, Special Justice, concur.

LAVENDER, V. C. J., having certified his disqualification in the above cause, the Honorable RICHARD E. ROMANG was appointed to serve in his stead.