**MARSHALL OIL CORPORATION,**
Petitioner,

v.

**The Honorable Milbern Jay ADAMS,
Judge of the District Court of Grady
County, Oklahoma, Respondent.**

**No. 58579.**

Supreme Court of Oklahoma.

Nov. 1, 1983.

Rehearing Denied Oct. 10, 1984.

Dean Brown, Green, Brown & Stark, Oklahoma City, for petitioner,

Kerry W. Caywood, Park, Nelson, Caywood & Park, Chickasha, for respondent.

WILSON, Justice:

This is an original action in which the petitioner, Marshall Oil Corporation, asks this Court to prohibit the respondent trial judge from further proceeding in the cause before him, an action filed by Forest Bray in which Bray obtained a temporary injunction against petitioner's operation of a salt water disposal well approved by the Corporation Commission.

We assume original jurisdiction, but decline to issue the writ.

The petitioner, Marshall Oil Corporation, was operating a well on property owned by the Marjorie Nichols Estate in the Southeast Quarter of the Northwest Quarter of the Southwest Quarter of Section Twenty-Five (25), Township Four (4) North, Range Six (6) West, Grady County, Oklahoma. Forest Bray is the surface owner of the West Half of the Northeast Quarter of the Southwest Quarter of the same section. The Nichols well produces both oil and salt water. In August 1981, Marshall filed an application with the Corporation Commission for permission to dispose of salt water into the Browne No. 1 Well located in the center of the Northeast Quarter of the Southwest Quarter of Section Twenty-Five. At that time, Marshall gave written notice by mail to Bray who protested the granting of the application. On December 1, 1981, the Corporation Commission denied the application without prejudice because of failure to comply with a Corporation Commission rule requiring that a copy of a fresh water analysis in the area be submitted with the application.

In January, 1982, Marshall filed a second application requesting permission to dispose of salt water into Browne No. 1. The respondent avers in his brief that he did not receive written notice of this application. On February 3, 1982, the Corporation Commission entered its Order No. 208017 granting permission to Marshall to dispose of salt water into Browne No. 1. Marshall laid a salt water line from the Nichols well across the West Half of the Northeast Quarter of the Southwest Quarter of Section Twenty-Five, owned by Bray, to the Browne No. 1 disposal well located approximately fifty feet east of Bray's property. The first knowledge Bray had of the existence of the order permitting use of Browne No. 1 as a disposal well was in March, 1982, when after discovering the salt water line across his property, he contacted the Corporation Commission and was told of the order.

On April 5, 1982, Bray filed an application before the Corporation Commission in a new proceeding to vacate Order No. 208017. While this application was pending, Bray also filed suit in the District Court of Grady County seeking to enjoin the threatened use by Marshall of the salt water line across his property as a continuing trespass, and to enjoin the use of the Browne No. 1 Well for salt water disposal because of the probability of damage to Bray's fresh water wells in the area, four or five of which were within approximately one-half mile of the Browne No. 1 Well. Marshall's motion to dismiss the action for lack of jurisdiction was denied by the District Court.

At the District Court hearing on Bray's application for a temporary injunction, Bray presented evidence that he was the owner of approximately 1,615 acres and eight water wells in the vicinity of the disposal well. A hydrogeologist testified for Bray that because of the existence of improperly plugged and abandoned dry holes in Section Twenty-Five, use of Browne No. 1 for disposal would cause a migration of salt water from the disposal zone up through the abandoned and improperly plugged wells and out into the fresh water zones, resulting in the destruction of Bray's water supply.

Marshall offered into evidence a release and right-of-way agreement which it contended granted permission to lay the salt water line across Bray's property. Bray testified and the court found that the release was given in consideration of the payment of damages for previous operations and did not contemplate the future use of the property for the purpose of laying salt water disposal lines. Marshall presented no other evidence and the court granted a temporary injunction enjoining Marshall from using the salt water line across Bray's property and further enjoining the use of Browne No. 1 as a disposal well.

On May 19, 1982, Marshall timely filed its petition seeking this Court to issue a Writ of Prohibition to prohibit the District

Court from proceeding further in this action.[1] On June 17, 1982, the Corporation Commission dismissed Bray's action to vacate Order No. 208017. The Trial Examiner recommended that in the interest of the prevention of waste and the protection of correlative rights, that Bray's application to vacate should be dismissed. The findings also indicated that the Hearing Officer had recommended dismissal because the applicant, Bray, lacked standing to bring this cause because he does not own the surface interest where the disposal well is situated. We note that Title 52 O.S.1981, § 112, provides in relevant part that *"[a]ny person affected by any* Legislative or *administrative order of the Commission shall have the right at any time to apply to the Commission to repeal, amend, modify, or supplement the same."* (*Emphasis added*). That section further provides that an appeal shall lie to the Supreme Court from any order of the Corporation Commission in any such proceedings or from the refusal of the Commission to make any order petitioned for therein. Bray failed to make a timely appeal to the Supreme Court as provided in 12 O.S. 1981, Ch.15, App. 2, Rule 1.86, of the decision by the Corporation Commission dismissing his application to vacate Order No. 20817.

Marshall, in its petition for Writ of Prohibition argues that Bray's action in the District Court to enjoin the approved use of a salt water well constitutes an impermissible collateral attack on a Corporation Commission order in contravention of 52 O.S. 1981, § 111.[2] Bray contends that Order No. 208017 was issued without objection since he had no notice of Marshall's second application for the disposal well. Rule 3–304(C) of the General Rules and Regulations of the Corporation Commission require that notice that an application has been filed for approval of a disposal well shall be published by the applicant in a newspaper of general circulation and published in the county in which the disposal well is located; and that a copy of the application shall be mailed or delivered to the surface owner of the land on which the disposal well is to be located and to each operator of a producing leasehold within one-half mile of the well location.

Bray is neither the surface owner of the land on which the disposal well is to be located, nor is he an operator as described above. Rule 3–304(C) requires that the applicant file proof of publication prior to the hearing or administrative approval. Bray makes no averments in his brief that notice by publication was not given, and the findings of the Commission attached to Order No. 208017 recite that notice had been given as required by the rules of the Commission. Bray's argument is that the effect of "failure to give notice to all parties who have valuable property rights to be affected by the order constitutes a violation of the due process clause of the United States Constitution and of the Okla.Const., Art.2, § 7."

■ By statute, collateral attacks on orders of the Corporation Commission are prohibited.[3] A collateral attack has been

---

**1.** Petitioner does not seek to prohibit District Court from hearing continuing trespass action arising from the laying of the water line.

**2.** 52 O.S.1981, § 111, provides:
No collateral attack shall be allowed upon orders, rules and regulations of the Commission made hereunder, but the sole method of reviewing such orders and inquiring into and determining their validity, justness, reasonableness or correctness shall be by appeal from such orders, rules or regulations to the Supreme Court. On appeal every such order, rule or regulation shall be regarded as prima facie, valid, reasonable and just. No court of this State except the Supreme Court, and it only on appeal, as herein provided, shall have jurisdiction to review, reverse, annul, modify or correct any order, rule or regulation of the Commission within the general scope of its authority herein or to enjoin, restrain or suspend execution or operation thereof, provided that writs of mandamus and prohibition shall lie from the Supreme Court to the Commission in all cases where such writs, respectively, would under like circumstances lie to any inferior court or officer.

**3.** *See* n. 1, *supra; Gulfstream Petroleum Corp. v. Layden*, 632 P.2d 376 (Okl.1981).

defined by this Court in *State v. Corp. Comm.,*[4] as follows:

"A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner not provided by law; that is, in some other way than by appeal, writ of error, certiorari, or motion for a new trial."

A district court, however, is permitted in a collateral proceeding to examine a Corporation Commission order for the limited purpose of determining the jurisdiction of the Commission, or its lack thereof, to issue the order.[5] As we held in *State v. Corporation Comm:*

The prohibition against a collateral attack on an order of the Corporation Commission does not prevent inquiry into the jurisdiction of the tribunal where the questioned ruling is relied upon in a subsequent proceeding. The jurisdiction of any court exercising authority over any subject may be inquired into in every other court when the proceedings of the former are relied upon by a party claiming the benefit of that former proceeding. [*Citations ommitted*].[6]

It is generally conceded that the examination of jurisdiction may embrace any of the following:

"Jurisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. Each element of jurisdiction is dependent upon both law and fact. Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person. Facts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court are essential to jurisdiction of the subject-matter of the suit. Facts showing that a particular judgment is rendered in compliance with all existing mandatory law in that regard are essential to jurisdiction to render a particular judgment. All such facts are known as jurisdictional facts ...".[7]

■ Inquiry by the District Court as to the validity of Order No. 208017 is therefore limited to examination of the Commission's jurisdiction.[8] Here the element in question is whether the Commission's jurisdiction to render the particular judgment failed due to lack of compliance with *"all existing mandatory law"* regarding notice. This necessarily involves examination of whether the Corporation Commission's notice requirement was complied with; whether Bray's interest was of constitutional proportions such that fundamental law would require notice of the proceedings; and whether the means employed to impart notice were reasonably adopted to accomplish it.[9]

---

**4.** 590 P.2d 674, 677 (Okl.1979).

**5.** *Woods Petroleum Corp. v. Sledge,* 632 P.2d 393 (Okl.1981).

**6.** *Supra,* 590 P.2d at 677.

**7.** *Id.,* at 678, quoting *Abraham v. Homer,* 102 Okl. 12, 226 P.45 (1924).

**8.** *Supra,* 632 P.2d 393, 394.

**9.** The United States Supreme Court in *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 314–315, 70 S.Ct. 652, 657, 94 L.Ed. 865, (1949), determined that "interested parties" should be provided the full opportunity to appear and be heard:

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. * * * But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

"Interested parties" are defined in *First Nat'l Bank v. Oklahoma Sav. and Loan Bd.,* 569 P.2d 993 (Okl.1977), as "those who have a legally recognized private interest, and not simply a possible pecuniary benefit."

Although Bray in his petition to the District Court seeking injunctive relief did not allege the Commission order was void for lack of jurisdiction, jurisdiction may be raised at any time. Should the District Court find that the Commission's jurisdiction failed, then the Order No. 208017 would be a nullity. However, to proceed past the notice question and to take evidence on the advisability of using this particular well for salt water disposal would invade a matter assigned to the Corporations Commission's authority,[10] and limited to review by this Court.[11] The District Court is therefore without jurisdiction to proceed in that respect. It may, however, examine the jurisdictional issue.

JURISDICTION ASSUMED; WRIT DENIED WITH DIRECTIONS.

BARNES, C.J., and HODGES, LAVENDER, DOOLIN, and HARGRAVE, JJ., concur.

SIMMS, V.C.J., concurs in result.

IRWIN and OPALA, JJ., dissent.

OPALA, Justice, dissenting:

The court allows its cognizance under Art. 7 § 4, Okl. Const., to be invoked for consideration of the petition by Marshall Oil Corporation [Marshall] to prohibit all further proceedings against it as defendant in a Grady County District Court injunction suit by which the plaintiff [Bray] allegedly launched an impermissible collateral attack upon Order No. 208017 previously made by the Corporation Commission [Commission]. For the reasons to be stated I would not assume original jurisdiction of the controversy at this stage of proceedings in the court of first instance.

Marshall brought this case here on May 19, 1982. It seeks relief from the May 6, 1982 interlocutory injunction. By that injunction Marshall stands commanded not to use the Browne No. 1 Well as a disposal well. The terms of Order No. 208017 authorize Marshall to do that which the district court enjoined it from doing. The injunction became effective May 7 when Bray posted the required bond. On the record below Marshall has *never* challenged the district court's subject-matter jurisdiction over the injunction suit, nor has it secured an explicit adverse ruling upon the point here sought to be placed in controversy. Bray applied to the Commission on April 5, 1982 to vacate its Order No. 208017 as void for want of notice, but met there with an adverse decision on June 17, 1982. Because Bray did not appeal that decision of the Commission, it is now final.

Three time-honored principles of jurisprudence militate strongly against our use of the § 4 writ power in this case.

*First,* a proceeding for a prerogative writ will not be entertained when this court is called upon to resolve a jurisdictional issue not yet squarely passed upon by the *nisi prius* court. The Grady County District Court has not yet decided the jurisdictional dispute tendered to us here. *Adams v. District Court of Muskogee County,* 166 Okl. 263, 27 P.2d 611, 612 [1933].

*Second,* when a remedy by direct appeal is readily available, the Supreme Court will not let its § 4 cognizance be invoked. A prerogative writ may not be allowed to function as a substitute for the regular process of appellate review. *Halliburton v. Williams,* 166 Okl. 248, 27 P.2d 360, 361 [1934] and *Moses v. Hoebel,* Okl., 646 P.2d 601, 603 [1982].

---

**10.** Title 52 O.S.1981, § 139, provides:

The Corporation Commission of Oklahoma, referred to in this Act as the "Commission," is hereby vested with jurisdiction, power and authority, and it shall be its duty, to make and enforce such rules, regulations and orders governing and regulating the handling, storage and disposition of salt water, mineral brines, waste oil and other deleterious substances produced from or obtained or used in connection with the drilling, development, producing, refining and processing of oil and gas within the State of Oklahoma or operation of oil or gas wells in this State as are reasonable and necessary for the purpose of preventing the pollution of the surface and subsurface waters in the State, and to otherwise carry out the purpose of this Act.

**11.** *See,* 52 O.S. § 111, supra.

The May 6 interlocutory injunction is appealable by right. 12 O.S. 1981 § 993(3). Marshall may not be heard here to complain of it by the use of extraordinary process.

*Third,* the law erects a barrier against *successive* attacks upon an adjudicative decision that is claimed to be void. Principles of res judicata apply to a jurisdictional controversy with the same force as they do to other issues in dispute. *White v. White,* Okl., 607 P.2d 700, 702 [1980] and *Eaton v. Weaver Mfg. Co.,* 582 F.2d 1250, 1255–1256 [10th Cir. 1978].

No prudent assessment can presently be made — from the skimpy paperwork before us — of the effect Bray's failure to appeal from the Commission's refusal to vacate Order No. 208017 may have upon his prosecution of the district court injunction suit which Marshall seeks to prohibit here.

I would therefore deny Marshall's application to assume original jurisdiction. In deciding the jurisdictional contest the district court should be entirely free from, and unhampered by, our premature and hence apt-to-be-improvident guidance.

I am authorized to state that IRWIN, J., concurs in my views.