Merry MILLER and Lyle Johnson, Personal Representative of the Estate of Gladys Anna Johnson, Deceased, Appellees/Cross-Appellants,

v.

WENEXCO, INC., Appellant/Cross-Appellee.

No. 64109.

Court of Appeals of Oklahoma, Division No. 3.

July 14, 1987.

Chris Pearson, Oklahoma City, for appellees.

Roger A. Grove, Oklahoma City, for appellant.

HUNTER, Judge.

Appellees, Merry Miller and E. Lyle Johnson, personal representatives of the estate of Gladys Anna Johnson, brought suit against Appellant, Wenexco, Inc., seeking a judgment quieting title to a certain undivided 1/32 mineral interest in McClain County, in their favor; a judicial accounting of the proceeds derived from Appellees' interest in that property; and a money judgment for conversion. Appellant alleged that it had acquired the working interest to the Appellees' mineral interest by virtue of a certain Corporation Commission pooling order # 226621 and that under the terms of the pooling order, Appellees owned only an overriding royalty interest to the minerals in and under the property. Appellees alleged that their sole method of notice of the Corporation Commission proceedings was noticed by publication. Further, that they received no actual notice of the Commission proceedings or hearing, and were not present at the Commission hearing. Appellees sought to invalidate the Commission pooling order on the grounds that they did not receive proper notice of the proceedings. From the outset of the litigation and continuing through the trial, Appellants argued that the trial court did not have subject matter jurisdiction over Appellees' cause of action because it would involve a judicial determination of the validity of the order of the Corporation Commission, in the nature of a collateral attack, which is strictly prohibited. The trial court denied each of Appellant's motions as they were presented.

The matter was tried to the court and the trial court entered judgment in favor of Appellees and against Appellant as to the quiet title and accounting causes of action. The trial court entered judgment for Appellant and against Appellees as to Appellees cause of action for conversion and a money judgment. From the trial court's judgment quieting title in Appellees and ordering an accounting, Appellant has timely perfected this appeal; from the trial court's judgment denying their cause of action for conversion and money judgment, Appellees have timely filed their cross-appeal.

■ Appellant contends the trial court erred in entertaining Appellees' causes of action because they constitute an impermissible collateral attack on the Corporation Commission order. The quiet title action filed by Appellees is a collateral attack attempting to avoid the legal effect of the Commission's pooling order. A collateral attack may not be launched on a Commission order that is facially invulnerable. The district court's power to inquire into the validity of Commission orders is legally limited to ascertaining from an inspection of the face of the proceedings, if the Commission had jurisdiction to issue the order. The district court's inquiry into the presence of the requisite jurisdictional elements is confined to an inspection of the face of the proceedings; i.e. the application, the process by which the parties were notified and the Commission's order, a Commission order is deemed facially invalid only when the face of the record reveals the absence of at least one of the three requisite elements of agency jurisdiction, i.e., jurisdiction over the parties, jurisdiction over the subject matter, or jurisdictional power to issue the specific order in question. *Harry R. Carlile Trust v. Cotton Petroleum*, 732 P.2d 438 (Okla.1986).

Appellees argued that their quiet title action was not an impermissible collateral attack on the Commission order because they sought inquiry by the district court into the jurisdiction of the commission to issue the pooling order, specifically the Commission's jurisdiction over them obtained by publication notice. The notice provision for a forced pooling application is found in Title 52 O.S.1982 Supp., § 87.1 which provides in part:

"The applicant shall give all the owners whose addresses are known or could be known through the exercise of due diligence at least 15 days notice by mail return receipt requested. The applicant shall also give notice by one publication, at least 15 days prior to the hearing, in some newspaper of general circulation printed in Oklahoma City, Oklahoma, and by one publication, at least 15 days prior to the date of the hearing, in some newspaper printed in the county, or in each county if there be more than one, in which the lands embraced within the spacing unit are situated. The applicant shall file proof of publication and an affidavit of mailing with the Commission prior to the hearing."

The record of the Corporation Commission proceedings was introduced at trial. The record reflects the requisite publication notice was given, and the requisite affidavit of mailing was filed. However, the affidavit of mailing reflects "address unknown" for Appellee Merry Miller and Gladys Anna Johnson, now deceased.

Susan Jones, land manager for Appellant testified before the Corporation Commission. Ms. Jones was asked what efforts were made to locate Merry Miller and Gladys Anna Johnson to which she replied:

"Just the public records available and if this was done by a broker, and had talked to several people. Most of the addresses were 1929, 1930, and they just dropped out of sight, couldn't be found."

In response to a similar question by the trial examiner she stated:

"Tax records and the county clerk and, you know, the phone books. They did a lot of talking to different people who lived in the area trying to locate these people. The addresses were very old, and they hadn't leased in years, and were not able to find them."

The record of the Corporation Commission proceedings reflects that no mailing of the notice and order setting cause for hearing was made to Merry Miller or Gladys Anna Johnson pursuant to the provisions of § 87.1(e), but that the notice was by publication only.

■ Upon examination of the record of the Corporation Commission hearing, specifically the notice by publication, the trial court determined that it could properly inquire as to whether Appellees addresses were known or could have been known by the exercise of due diligence. We agree. The inquiry by the district court as to the validity of the Corporation Commission order is limited to the examination of the Commission's jurisdiction. Here the ele-

ment in question is whether the Commission's jurisdiction over the Appellees failed due to lack of compliance with all existing mandatory law regarding notice. This necessarily involves examination of whether the Corporation Commission's notice requirement was complied with and whether the means employed to impart notice were reasonably adopted to accomplish it. *Marshall Oil Corporation v. Adams,* 688 P.2d 37 (Okla.1983).

When the names and addresses of the parties are known, or are easily ascertainable by the exercise of diligence, notice of pending proceedings by publication service alone, is not sufficient to satisfy the requirements of due process of Federal or Oklahoma Constitutions. *Cravens v. Corporation Commission,* 613 P.2d 442 (Okla. 1980). Notice by publication is clearly insufficient with respect to one whose name and address are known or readily ascertainable from sources at hand. Primary sources at hand, such as local tax rules, deed records, judicial records and other official records, as well as available secondary sources, such as a telephone directory, a city directory or the like must be exhausted before the approval of publication process as a method of notification *Bomford v. Socony Mobile Oil Company,* 440 P.2d 713 (Okla.1968). Because there was no mailing of notice to Appellees by mail, return receipt requested, the trial court properly inquired into the exercise of due diligence by Appellant to find the last known address of Appellees. The trial court found that effort lacking, and the record supports the findings of the trial court.

Appellees timely filed their cross-appeal to the trial court's denial of their claim for conversion and money damages. We find Cross-Appellants' contention to be without merit. The record reflects that Wenexco, despite the invalidation of the Commission's pooling order, is still a co-tenant in the minerals with Miller and Johnson, and as such, has the right to explore for and extract oil and gas from the property. The owners of an undivided interest in a mineral estate are tenants in common. While each of the co-tenants may explore for oil and gas on property owned in common without the consent of the other co-owners, none can do so to the exclusion of the other co-tenants. When oil or gas is discovered, the producing co-tenants must account to the non-producing co-tenants for the pro-rata share of the latter in any net profits derived from the mineral exploration. *Mullins v. Ward,* 712 P.2d 55 (Okla.1985). The record reflects that the proceeds from the sale of oil and gas attributable to Miller and Johnson were held in trust, and have not been distributed. The trial court ordered an accounting to determine the amount of the proceeds attributable to Appellees. This was the proper remedy. The trial court correctly denied Cross-Appellants' cause of action for conversion and money damages.

This action was brought in equity for quiet title, an accounting, conversion and money damages. The traditional standard of review in equity suits charges this Court with the responsibility to examine the entire record to determine whether the judgment is against the clear weight of the evidence or contrary to law. The trial court's determination must be left undisturbed unless it is clearly against weight of the evidence. *Nilsen v. Tenneco Oil Company,* 614 P.2d 36 (Okla.1980). We have examined the entire record and have determined that the trial court's judgment is not clearly against the weight of the evidence, and therefore must be affirmed.

For the reasons stated above, the judgment of the trial court is AFFIRMED.

HANSEN, P.J., concurs as modified. BAILEY, J., concurs.