Zella **HOLDER** a/k/a Zella Holder Dobbins a/k/a Zella Mae Holder Dobbins, Appellant,

v.

**GENIE OIL & GAS CORPORATION,**
**Appellee.**

**No. 83050.**

Court of Appeals of Oklahoma,
Division No. 1.

June 21, 1994.

Rehearing Denied Aug. 2, 1994.

Certiorari Denied Oct. 25, 1994.

Richard K. Goodwin, Oklahoma City, for appellant.

William R. Burkett, Hall, Estill, Hardwick, Gable, Golden & Nelson, Oklahoma City, for appellee.

## MEMORANDUM OPINION [1]

JONES, Presiding Judge:

On January 24, 1990, Appellee Genie Oil & Gas Corporation ["Genie"] filed an application with the Corporation Commission to pool the interests in an existing 40–acre oil and gas drilling and spacing unit, and to designate Genie as the operator of the well which Genie planned to drill there. Very quickly, Genie discovered that part of the legal description of the proposed unit had been left out of the caption in its application, and so two days later filed an amended application to correct the error.[2] Both the original and amended applications were accompanied by a notice of hearing, set for February 22, 1990. The original notice was published on January 27, but the amended notice was not published.

An administrative law judge conducted the February 22 hearing, receiving testimony from Genie on the pooling application. Apparently the lack of publication of the amended hearing notice caused the judge to continue the case to March 13 so Genie could publish notice properly. Consequently, Genie filed a second amended hearing notice the next day (February 23), and caused the notice to be published on February 27, listing a new hearing date of March 13.

Oklahoma law requires publication of notice at least fifteen days prior to hearing on a pooling application. 52 O.S.1991 § 87.1. For that reason, when the application for pooling order was heard on March 13, 1990, the judge postponed it for one day. On March 14, the judge received exhibits showing proper publication. The judge's report and order granting the application were filed March 27, 1990.

Each notice filed by Genie was served on the FSLIC and FDIC. The record indicates that the FSLIC succeeded to an interest in the property following the failure of a federally-insured savings and loan association, and subsequent foreclosure of the insolvent institution's mortgage. The FDIC appears to have been a defendant in the foreclosure action, as liquidating agent for another insured institution, and also appears to have acted on behalf of the FSLIC in transferring the latter agency's interest to Holder. [See Note 3.]

Holder acquired her interest by quit-claim deed on March 8, 1990, during the pendency of Genie's pooling application.[3] The deed was filed March 14. However, both parties here agree Genie did not know about the transfer of FSLIC's interest until a telephone conversation its president had with Holder on or about April 4.[4]

On March 30, 1993, Plaintiff sued Genie to declare the Corporation Commission order # 345900 void. After consideration of the lengthy briefs and exhibits, the trial court granted summary judgment in favor of Genie. Holder appeals.

Holder's petition in error presents several points of error, which, ignoring the repetitive

1. The amended rules governing appellate procedure mandate accelerated consideration of appeals from summary judgment if the motion for summary judgment was filed after October 1, 1993. Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.1993 Supp., Ch. 15, App. 2; see Rule 13, Rules for District Courts, 12 O.S.1993 Supp., Ch. 2, App.

2. The caption identified the "Land Covered" as Section 28 of a township in Oklahoma County, when it should have identified only the SE/4 of the SE/4 of that section. The body of the application correctly limited the relief sought to the described one-sixteenth section.

3. The grantor in the deed is shown as "FDIC as Manager of the FSLIC Resolution Fund as Receiver for Investors Savings and Loan Association." Holder and her then husband, Russell Dobbins, were grantees. Dobbins later quitclaimed his interest to Holder following their divorce in mid–1992.

4. Beyond this, the conversation seems only to have touched on the matter of surface damages. Holder wrote a letter to Genie the same day to inform Genie that she and her husband owned the whole 40–acre tract (described as the SE/4 of the SE/4) and that they did not agree on the proposed amount to settle surface damages on the property.

and non-specific, and with the benefit of the record, may be re-stated as follows: (1) The Corporation Commission lacked jurisdiction to enter the pooling order due to defects in the notice given to FSLIC/FDIC and/or to Holder; (2) the trial court erroneously relied upon matters outside the judgment roll; (3) Genie was judicially estopped from arguing that it had given proper notice within fifteen days before the March 14 hearing; (4) Genie committed a fraud on the Commission through false representations by its attorney which, according to Holder, induced the Commission to issue the pooling order; (5) Genie failed to mail a copy of the Commission's order to her, as required by Commission rules; (6) the trial court erred by finding the Corporation Commission had jurisdiction to enter the pooling order; (7) the trial court should have held the Commission order was subject to collateral attack, i.e., attack by Holder's action in the trial court; (8) the FSLIC could not be force-pooled; and (9) the trial court erred by finding that Holder did not have standing to raise jurisdictional issues.

■ Holder's principal argument attacks the Corporation Commission's jurisdiction to enter the pooling order. Holder argues the Commission lacked jurisdiction because the second amended hearing was not published fifteen days before the March 13 hearing date, because Genie failed to file an affidavit of mailing the notice of that hearing, and because Genie failed to mail a copy of the pooling order to Holder. Each such alleged defect, contends Holder, constitutes a "jurisdictional" defect, which thereby deprived the Corporation Commission of jurisdiction to enter the pooling order.[5]

■ Generally, notice of Corporation Commission proceedings is necessary when a party's name and address is known or may be ascertained by exercise of due diligence. *Cravens v. Corporation Commission,* 613

P.2d 442, 444 (Okla.1980). However, even Holder has conceded that *at the time notice was required by the statutes and rules* she did not have an interest in the property, and that Genie did not know about her ownership interest until after the pooling order had been entered. While some of Holder's arguments suggest that Genie had a continuing duty to apprise itself of any conveyances of unleased interests during the pendency of the pooling application, she has cited no authority for such a novel (and, in our view, impracticable) duty, and we have found no authority which would impose such an obligation. We are therefore left with the only salient fact: namely, that Genie gave notice to the only parties of whose interest it was informed prior to the date when notice was required.

Under the circumstances presented here, Holder's complaints about the various minor defects in procedure leading up to entry of the pooling order are inconsequential. The administrative law judges continued the case on two occasions to assure compliance with the statutes and rules governing applications for pooling orders. The March 14 hearing (continued from the setting the day before), consisted only of verifying that Genie's second amended notice had been filed and published as the statutes and rules required.

■ The present case amounts to a collateral attack on the Corporation Commission proceedings. "A collateral attack is an attempt to avoid, defeat, evade, or deny the force and effect of a final order or judgment in an incidental proceeding other than by appeal, writ of error, certiorari, or motion for new trial." *Nilsen v. Ports of Call Oil Co.,* 711 P.2d 98, 101 n. 5 (Okla.1985); *see Marshall Oil Corp. v. Adams,* 688 P.2d 37, 39–40 (Okla.1983). The legislature has expressly proscribed collateral attack of Corporation Commission orders, 52 O.S.1991 § 111, although judicial gloss allows collateral attack "limited to examination of the record, to de-

---

**5.** A question of "jurisdiction" requires analysis of its three subsidiary elements: (1) subject matter jurisdiction; (2) personal jurisdiction; and (3) jurisdiction to enter the order at issue. *Gulf-* stream Petroleum Corp. v. Layden, 632 P.2d 376, 378 (Okla.1981). Holder challenges only the last of these three elements in this case.

termine whether the Commission had jurisdiction to enter the order subjected to challenge."[6] *Anson Corp. v. Hill,* 841 P.2d 583, 586 (Okla.1992); *Marshall Oil,* 688 P.2d at 40. When the "jurisdictional" question turns on the sufficiency of notice, the court hearing the challenge may also receive extrinsic evidence on the question of whether the attacking party was entitled to notice, as a preliminary inquiry on the jurisdictional issue. *Anson Corp.,* 841 P.2d at 586. *See James Energy Co. v. HCG Energy Corp.,* 847 P.2d 333, 339 (Okla.1992); *cf., Miller v. Wenexco, Inc.,* 743 P.2d 152, 155–56 (Okla.Ct.App.1987) [district court inquiry into notice underlying Commission order did not constitute impermissible collateral attack].

If, as conceded by Holder, Genie did not know about Holder's interest until after the Commission entered the pooling order, there is no reason to question the Commission's jurisdiction on grounds of allegedly defective notice. A review of the record confirms our view that the Commission possessed jurisdiction to enter the pooling order. Holder's arguments to the contrary, though diverse, are without merit.

The parties agree that Holder knew about the pooling order at least by April 4, when Holder spoke by telephone with Genie's president. Thus, when Holder learned about the pooling order she still had time to seek reconsideration of the order or to appeal, but she did neither. There is nothing in the

record to indicate that, prior to her lawsuit, Holder had informed Genie of her objection to the pooling order, or questioned the Commission's jurisdiction to enter such order. [See Note 4 and related text.] Instead, she waited three years to commence her attack on the order.

■ We review the trial court's summary judgment *de novo, Runyon v. Reid,* 510 P.2d 943, 946 (Okla.1973); *Crisp, Courtemanche, Meador & Assoc. v. Medler,* 663 P.2d 388, 389 (Okla.Ct.App.1983), but we are likewise constrained by the mandate of 52 O.S.1991 § 111. After review of the Corporation Commission record, we find no facial infirmity in those proceedings. The trial court correctly granted summary judgment to Genie.

AFFIRMED.

HANSEN and ADAMS, JJ., concur.

---

6. Genie, citing *Salyer v. National Trailer Convoy, Inc.,* 727 P.2d 1361, 1362 n. 3 (Okla.1986), contends that the "record" in this case does not include any transcripts from Commission proceeding.