# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### ASSIGNED ON BRIEFS APRIL 26, 2012

## JOHN P. BILBY v. TENNESSEE BOARD OF PROBATION AND PAROLE, ET AL.

### Direct Appeal from the Chancery Court for Davidson County
No. 11-455-IV      Russell T. Perkins, Chancellor

### No. M2011-01888-COA-R3-CV - Filed July 12, 2012

A prisoner filed a *pro se* petition for writ of certiorari, which the trial court dismissed *sua sponte* for failure to prosecute due to the prisoner's failure to file the necessary summonses. The prisoner appeals. We affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

John P. Bilby, Only, Tennessee, *pro se*

Robert E. Cooper, Jr., Attorney General and Reporter, Lee Pope, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Board of Probation and Parole, et al

## MEMORANDUM OPINION[1]

### I.  FACTS & PROCEDURAL HISTORY

On April 4, 2011, John Bilby filed a petition for writ of certiorari in the Davidson County Chancery Court, seeking review of a decision of the Tennessee Board of Probation and Parole.  He named as defendants the Board of Probation and Parole, two board members, and the parole hearing director.  On April 7, 2011, the Chancery Court entered a standard form order which stated:

> The plaintiff is a prison or workhouse inmate who has filed a civil action.  The plaintiff/petitioner is required to comply with the requirements of T.C.A. § 41-21-801 et seq. related to lawsuits by inmates by Chapter 76 of the Public Acts of 2001.  The inmate has not complied with the requirements of the law by: . . . failing to file a summons in duplicate for each defendant with a copy of the complaint/petition for each summons to be issued.[2]
> If the plaintiff/petitioner does not comply with the requirements cited above within thirty (30) days from the date of this order, the case shall be dismissed without prejudice.

On August 16, 2011, the Chancery Court dismissed the petition without prejudice "[p]ursuant to the Court's Order entered on April 7, 2011 . . . for failure to prosecute."  Mr. Bilby timely filed a notice of appeal.

### II.  DISCUSSION

In Mr. Bilby's brief on appeal, he claimed that he had filed duplicate summonses for each of the defendants when he filed his original petition.  He further claimed that after he received the April 7, 2011 order of the trial court, he "sent yet another set of duplicate summons to the Court along with a copy of the writ for each of the listed defendants[.]"

---

[1]  Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]  The form listed several "requirements of the law," such as failure to pay a filing fee or file a pauper's oath, and there was a box to be checked next to each requirement that was not fulfilled.

Thus, according to Mr. Bilby, he provided the necessary documents and "did everything that he could do," yet the trial court failed to recognize the summonses and dismissed his case. Mr. Bilby asked this Court to direct the trial court clerk to supplement the record on appeal with the documents he filed, which, he claimed, would demonstrate that he complied with Tennessee Rules of Civil Procedure 3 and 4.

Because there was nothing in the record to confirm or contradict Mr. Bilby's assertions, this Court entered an order on May 23, 2012, directing the trial court clerk to transmit to this Court a supplemental record containing the duplicate summonses and copies of the petition reportedly filed by Mr. Bilby, or, if those documents were not within the trial court's records, a statement to that effect. On May 30, 2012, the clerk and master of the Davidson County Chancery Court transmitted a statement to this Court which confirmed that Mr. Bilby had failed to file "a summons in duplicate for each defendant with a copy of the complaint/petition for each summons to be issued" within thirty days of the trial court's order directing him to do so. More specifically, the clerk stated, Mr. Bilby had erroneously filed *circuit court* summons forms, and those were returned to him along with the appropriate *chancery court* summons forms. Thus, it appears that the problem with Mr. Bilby's documents was not the number of summonses he provided, but the form of the summonses.

In **Hodges v. Attorney General**, 43 S.W.3d 918, 919-20 (Tenn. Ct. App. 2000), the Chancery Court of Davidson County dismissed another prisoner's complaint eleven months after it was filed because he did not provide completed summonses and copies of the complaint to the clerk and master for service on the defendants, even though the clerk and master requested these documents. The Court of Appeals explained:

> A civil lawsuit is commenced with the filing of a complaint in a court of competent jurisdiction. Tenn. R. Civ. P. 3. However, the filing of a complaint is only the first necessary step. Because Tenn. R. Civ. P. 4.01 requires the service of a copy of the complaint and a summons on each of the defendants, the lawyer representing the plaintiff or the plaintiff himself or herself must also provide the clerk of the court with sufficient copies of the complaint and completed summons for service on each of the defendants. Tenn. R. Civ. P. 3 advisory commission 1992 cmt. An unexplained failure to file a summons with the trial court clerk or to otherwise cause a summons to be issued can result in the dismissal of a complaint for failure to prosecute. Accordingly, we have upheld the dismissal of a complaint for failure to prosecute following an unexplained seven month delay in causing a summons to be issued. *Strong v. Elkins*, No. 01A01-9201-CV-00028, 1992 WL 113419, at *2 (Tenn. Ct. App. May 29, 1992) (No Tenn. R. App. P. 11 application filed).

Parties who choose to represent themselves are entitled to fair and equal treatment by the courts. *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). However, the courts may not prejudice the substantive rights of the other parties in order to be "fair" to parties representing themselves. Parties who choose to represent themselves are not excused from complying with the same applicable substantive and procedural law that represented parties must comply with. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Thus, Mr. Hodges, like any other litigant represented or not, must comply with the requirements of Tenn. R. Civ. P. 3 and 4 regarding the filing of the complaint and the issuance of process.

Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court. Tenn. R. Civ. P. 37.02(C); Tenn. R. Civ. P. 41.02(1); *Kotil v. Hydra–Sports, Inc.*, No. 01A01–9305–CV–00200, 1994 WL 535542, at *3 (Tenn. Ct. App. Oct. 5, 1994) (No Tenn. R. App. P. 11 application filed). Because decisions to dismiss for failure to prosecute are discretionary, *White v. College Motors*, 212 Tenn. 384, 386, 370 S.W.2d 476, 477 (1963), reviewing courts will second-guess a trial court only when it has acted unreasonably, arbitrarily, or unconscionably. *Friedman v. Belisomo*, No. 02A01-9304-CH-00094, 1993 WL 498504, at *3 (Tenn. Ct. App. Dec. 1, 1993) (No Tenn. R. App. 11 application filed). Trial courts may, on their own motion, dismiss cases for lack of prosecution, but this authority should be exercised sparingly and with great care. *Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 731 (Tenn. 1978).

*Id.* at 920-21. Because the prisoner in **Hodges** "failed to provide the clerk and master with copies of his complaint and completed summons forms which would have enabled the clerk and master to issue the summons 'forthwith' as required by Tenn. R. Civ. P. 4.01(1)," and the record contained no basis for excusing him from that requirement, we affirmed the order dismissing his complaint for failure to prosecute. **Id.**

Here, the summonses provided by Mr. Bilby listed the wrong court. Tennessee Rule of Civil Procedure 4.02 requires a summons to contain, among other things, "the name of the court and county." After all, a summons is basically "a formal written notice to the defendant to appear and to answer the plaintiff's complaint." **Woods v. World Truck Transfer, Inc.**, No. M1997-00068-COA-R3-CV, 1999 WL 1086462, at *3 (Tenn. Ct. App. Dec. 3, 1999).

When considering the sufficiency of a summons, "the primary concern should be the content of the summons, not its form or appearance, as long as the form or appearance of the summons does not defeat its purpose or materially interfere with its use." *Id.* "A summons should not be considered invalid as long as the form used is reasonable and contains all the information required by law."[3] *Id.* (citing *Hometown Lumber and Hardware, Inc. v. Koelling*, 816 S.W.2d 914, 916 (Mo. 1991); *Young v. Seaway Pipeline, Inc.*, 576 P.2d 1144, 1147 (Okla. 1977). Clearly, however, a summons that fails to properly identify the court in which the petition was filed cannot serve the purpose of notifying the defendant to appear and answer the complaint.

Because the summonses filed by Mr. Bilby misidentified the court in which the petition was filed, and he failed to file appropriate summonses in response to the trial court's April 7, 2011 order, we cannot say that the trial court abused its discretion in dismissing Mr. Bilby's petition for failure to prosecute.

### III.  CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court and remand for further proceedings. Costs of this appeal are taxed to the appellant, John Bilby, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[3] In *Woods*, the summonses at issue were photocopies, as opposed to original, summons forms. The Court of Appeals held that they should have been accepted because they contained all of the information required to be included on a summons. *Id.* at *5.